CHARLES SCOTT ZIDEK, Plaintiff-Appellant, *v.* GENERAL MOTORS CORP.
*et al.*, Defendants-Appellees.

Second District   No. 77-584

Opinion filed December 22, 1978.

Thomas L. Ruth, Jr., of Barrington, for appellant.

Elliot R. Schiff, of Sweeney & Riman, Ltd., and Lord, Bissell & Brook, both of Chicago, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, Charles S. Zidek, appeals from the dismissal of his complaint in which he sought damages from defendants, General Motors Corporation and Lou Bravos Oldsmobile, Inc., based upon the doctrine of strict liability in tort.

The complaint was brought in two counts, the first being against General Motors as manufacturer of a 1970 Oldsmobile and the second

against Bravos as retail seller of the car to Thomas Dugan. The complaint alleged that on December 30, 1975, Theresa Dugan, daughter of the owner of the car, was operating it in low gear on a highway in a snowstorm when it skidded into the oncoming lane of traffic and collided with an approaching vehicle. The complaint further alleged plaintiff and other passengers in the Dugan vehicle were injured and that two other passengers were killed.

While the complaint did not allege that the automobile contained any specific manufacturing or design defects or that it had malfunctioned in any manner, it was alleged to be unreasonably dangerous in one or more of the following respects:

"(a) The braking system of the motor vehicle in use on a slippery surface in low gear rendered the motor vehicle subject to an uncontrollable skid.

(b) The manual of instructions for said motor vehicle failed to warn the operator of the motor vehicle that driving in low gear on a slippery surface could cause the motor vehicle to skid, uncontrollably.

(c) The manual of instructions failed to advise the operator of said motor vehicle the proper gear to use in operating said motor vehicle on a slippery surface.

(d) The motor vehicle had no warning notice advising the operator that driving in low gear could cause said motor vehicle to go into an uncontrollable skid on a slippery surface.

(e) The manual of instructions indicated that the best gear to operate said motor vehicle on a slippery surface was low gear, when the Defendant knew, or should have known, the driving of said motor vehicle in low gear on a slippery surface could cause said motor vehicle to enter an uncontrollable skid."

When General Motors stated in its motion to dismiss the complaint that "all automobiles driven and braked on slippery surfaces are subject to uncontrollable skidding," plaintiff amended count I of the complaint to allege that General Motors:

"(f) Failed to warn the operator of said automobile that it was subject to an uncontrollable skid while being operated on a slippery surface.

(g) Failed to warn the operator of said automobile not to apply the brake of said automobile while being operated on a slippery surface.

(h) Failed to warn the operator of said automobile not to operate said automobile on a slippery surface.

(i) Failed to include in the Owner's Manual a notice that said automobile was subject to an uncontrollable skid when operated on a slippery surface."

Plaintiff concludes in his complaint that as a proximate cause of one or more of these unreasonably dangerous conditions of the automobile and manual of operating instructions and defendants' failure to warn of them, that the automobile skidded out of control causing the injuries for which he brings this action.

In his complaint as originally constituted it was plaintiff's contention that the automobile was unreasonably dangerous when driven in low gear on a slippery surface, as too much power is then applied to the wheels causing them to spin and skid, and that the braking system was deficient on a slippery surface as its application causes the car to skid as friction is increased on such a surface. He argues General Motors had a duty to warn drivers not to use low gear on slippery surfaces and to warn them of brakes which cause the car to skid when applied on a slippery surface. It would appear that plaintiff's contention is that an automobile manufacturer has a duty to so construct its product that it cannot uncontrollably skid when driven upon a slippery road and has a further duty to warn users that it will become uncontrollable and skid if driven in low gear or if the brakes are applied in such conditions.

Defendants' respective motions to dismiss the complaint alleged that it failed to state a cause of action as there is no duty to manufacture or distribute only vehicles which will not skid on snow or a similar slippery surface or to warn drivers or passengers of such automobiles of the generally known hazard that automobiles skid on snow and ice.

Plaintiff puts great emphasis in his argument on General Motors' statement in its motion to dismiss that all cars driven and braked on slippery surfaces are subject to uncontrollable skidding and considers it to be an admission by defendant that all its automobiles are uncontrollable when driven on a slippery surface. It follows, according to plaintiff's argument, that if defendants' automobile, when driven in these conditions even by an experienced and careful driver, cannot be controlled then defendants have the duty to warn drivers of their vehicles of this unreasonably dangerous condition alleging it is not known by the motoring public.

A similar contention was addressed in *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 230 N.E.2d 182, where it was argued that the rubber soles of shoes made by the defendant became slippery and dangerous when wet and that the defendant also failed to exercise a duty to warn plaintiff of that condition. In finding these allegations to be insufficient to sustain a strict liability cause of action under *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182, the court stated:

> "* * * ordinary shoes such as the ones involved here can hardly be characterized as imminently dangerous products or as products whose defective condition would make them unreasonably

dangerous to users. Moreover there is nothing to suggest in what manner they are defective, other than the tendency which almost all shoes have to become slippery when wet. The fact alone that injuries may be sustained if this common propensity is not guarded against in their use does not make them dangerous products, in the sense in which that term is used for purposes of strict tort liability. (*Cf. Pitts v. Basile*, 35 Ill. 2d 49.) The law does not require that common articles such as shoes be accident-proof, or that a manufacturer warn and protect against mishaps in their use. The plaintiff in this case, like any other consumer, must be charged with the knowledge that shoes tend to become slippery when wet." 38 Ill. 2d 209, 212, 230 N.E.2d 182, 185.

■■ ■ Similarly, the fact that all vehicles will skid (and are subject to uncontrollable skidding) on ice or other slippery surfaces does not per se make them an unreasonably dangerous product within the sense of the strict tort liability doctrine. Skidding on ice is a phenomenon necessarily known to anyone after he first walks or rides on it. The licensed operator of an automobile must be charged with the knowledge that applying its brakes, or accelerating in a low gear, on a slippery surface will increase the likelihood of skidding. While failure to warn of a danger can make a product unreasonably dangerous, a duty to warn is not present where a product is not alleged to be defectively designed or manufactured and where the injury results from a common propensity of the product which is open and obvious. *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465; see also *Peterson v. B/W Controls, Inc.* (1977), 50 Ill. App. 3d 1026, 366 N.E.2d 144; *Weiss v. Rockwell Manufacturing Co.* (1973), 9 Ill. App. 3d 906, 293 N.E.2d 375.

Defendants had no duty to manufacture and sell automobiles which could not skid out of control on an icy road when driven thereon and plaintiff acknowledges that all other automobiles have the same propensities as does defendants' product in those conditions.

■■ Plaintiff's complaint failed to allege facts upon which to base a cause of action and, therefore, it was properly dismissed by the trial court.

Judgment affirmed.

GUILD, P. J., and RECHENMACHER, J., concur.