Ossie Stanfield, Plaintiff-Appellant, *v.* Medalist Industries, Inc., Defendant-Appellee.

(No. 74-370;

Second District (1st Division)—December 24, 1975.

Bernard P. Reese, Jr., of Rockford, for appellant.

Don M. Mateer, of Gilbert & Powers, of Rockford, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

Plaintiff appeals from an order granting defendant's motion for summary judgment in an action seeking damages on a theory of strict products liability. The principal question presented for review is whether the trial court erred in granting defendant's motion.

Plaintiff, Ossie Stanfield, an employee of General Electric Cabinet Co. (hereinafter G.E.) suffered the loss of three fingers of her left hand while operating a boring and cutting machine for the first time. The machine

had been manufactured by the defendant Medalist Industries, Inc. In plaintiff's amended complaint against the defendant manufacturer, plaintiff alleged that the machine in question was defective and unreasonably dangerous in that it lacked a shield or other adequate safety features to prevent the sort of injury plaintiff suffered and no adequate warnings were provided as to its dangerous propensities. The amended complaint further alleged that the defective and unreasonably dangerous condition of the machine proximately caused plaintiff's injuries.

The defendant manufacturer sought indemnification from plaintiff's employer in a third-party complaint wherein defendant alleged that plaintiff's injuries were proximately caused by G.E.'s active fault in failing to adequately instruct or supervise plaintiff in the operation of the machine. G.E. sought to dismiss this third-party action on the ground that a third-party action seeking indemnity on the active-passive theory is not maintainable in a strict liability case. In *Stanfield v. Medalist Industries, Inc.* (1974), 17 Ill.App.3d 996, 309 N.E.2d 104, this court sustained this contention of G.E. and instructed the trial court to grant G.E.'s motion to dismiss the third-party complaint.

In its motion for summary judgment, defendant relied extensively upon the pretrial deposition of the plaintiff. In the motion, defendant averred that plaintiff was not adequately instructed or supervised in the operation of the machine; that plaintiff was totally unfamiliar with and had never previously operated the machine or the particular setup of the machine; and that plaintiff did not know that the machine contained a sawblade or that the machine was running when she first approached it. Plaintiff filed no objections to defendant's motion and on July 30, 1974, following the filing of the mandate of this court with respect to the third-party action, the trial court granted defendant's motion for summary judgment. After the denial of plaintiff's motion to reconsider the entry of summary judgment in defendant's favor, plaintiff appeals.

On appeal, the parties do not dispute the material facts of this case; rather, the dispute centers upon the conclusions which may be drawn from these facts. Plaintiff contends that the issues of proximate cause and assumption of risk are fundamentally jury issues which cannot be determined against the plaintiff as a matter of law on a motion for summary judgment unless it is clear that no issue of fact remains. The defendant, on the other hand, argues that the undisputed facts in this case support the following four defenses which warrant entry of summary judgment: that the machine was not unreasonably dangerous; that the injury was not foreseeable by the defendant; that the actions of plaintiff's employer, G.E., were the sole proximate cause of plaintiff's injuries; and that there was no defect in the machine in question.

The principles applicable to summary judgment proceedings are well established. Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 57) provides that a summary judgment should be entered if the pleadings, depositions and affidavits on file, if any, "* * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." The purpose of summary judgment proceedings is to determine whether there is any genuine issue of triable fact. (*Clausen v. Ed Fanning Chevrolet, Inc.* (1972), 8 Ill.App.3d 1053, 291 N.E.2d 202.) The pleadings, depositions, and affidavits, if any, must be construed most strictly against the moving party and most liberally in favor of the opponent. (*Ruby v. Wayman* (1968), 99 Ill.App.2d 146, 240 N.E.2d 699.) In determining if there is a genuine issue, inferences may be drawn from the facts which are not in dispute. (*Peirce v. Conant* (1964), 47 Ill.App.2d 294, 198 N.E.2d 555.) However, summary judgment procedure,

> "* * * may not be used to impair the right of trial by jury. Its purpose is not to try an issue of fact, as it is only when the undisputed facts are susceptible of but a single inference does the issue become one of law. (*Inland Steel Co. v. Industrial Commission,* 18 Ill.2d 70, 78 (1959).) Questions which are composed of factors sufficient to cause reasonable men to arrive at different results should never be determined as matters of law. (Ney v. Yellow Cab Co., 2 Ill.2d 74, 84 (1954).) Defendant's right to judgment must be free from doubt." *Halloran v. Belt Railway Co.* (1960), 25 Ill.App.2d 114, 118, 166 N.E.2d 98, 100.

■■ The issue on appeal thus becomes, under the undisputed facts of this case, whether reasonable men could arrive at different results as to whether plaintiff's injuries were proximately caused by the unreasonably dangerous condition of the machine in question. If such different results could be reached, then a genuine issue of fact exists which ought not to be determined as a matter of law. In determining this issue, it is necessary to state some of the general rules applicable to a products liability action.

■■ The elements of proof in a strict liability action were stated by the Illinois Supreme Court in *Suvada v. White Motor Co.* (1965), 32 Ill.2d 612, 623, 210 N.E.2d 182, 188, as follows:

> "The plaintiffs must prove that their injury or damage resulted from a condition of the product, that the condition was an unreasonably dangerous one and that the condition existed at the time it left the manufacturer's control."

The basis of liability in such a case, as we stated in *Stanfield v. Medalist*

*Industries, Inc.*, is the putting into the stream of commerce a defective and dangerous product and the liability is not based upon ordinary negligence but is based primarily upon protecting the public from such products. Whereas the liability in negligence cases is based upon the conduct of a person, the liability in strict liability in tort is based upon the condition of a product. *Kossifos v. Louden Machinery Co.* (1974), 22 Ill.App. 3d 587, 317 N.E.2d 749.

■■ In *Dunham v. Vaughan & Bushnell Mfg. Co.* (1969), 42 Ill.2d 339, 342, 247 N.E.2d 401, 403, the Supreme Court stated that products are "defective" in the context of products liability law, when they,

> "* * * are dangerous because they fail to perform in the manner reasonably to be expected in light of their nature and intended function."

A physical flaw in the product is not required; rather, the duty imposed on the manufacturer is to make the chattel safe for the use for which it is supplied. A product may be considered unreasonably dangerous for failure to adopt any and all safety devices, the absence of which would render the product not reasonably safe for its intended use. (*Rivera v. Rockford Machine & Tool Co.* (1971), 1 Ill.App.3d 641, 274 N.E.2d 828.) Further, if a manufacturer knows or should know that danger may result from a particular use of his product, the product may be held to be in a defective condition if sold without adequate warnings. (See *Dunham v. Vaughan & Bushnell Mfg. Co.* (1967), 86 Ill.App.2d 315, 229 N.E.2d 684, and citations therein.) Determining what precautions are required:

> "* * * is a question that will vary with the circumstances and will depend upon the balancing of the likelihood of harm, and the gravity of harm, if it happens, against the burden of the precaution which would be effective to avoid the harm. Harper & James, The Law of Torts, § 28.4." *Dunham v. Vaughan & Bushnell Mfg. Co.* (1967), 86 Ill.App.2d 315, 326, 229 N.E.2d 684, 689.

■■ Applying these principles to the instant case, we note defendant's argument that the product in question was not unreasonably dangerous because plaintiff was not within the community for which the machine was intended to be used. This argument is based upon defendant's contention that as a manufacturer, it can reasonably expect a qualified and/ or adequately supervised individual to operate the machine. Imposing liability on this manufacturer in this case, says the defendant, would be to say that defendant must manufacture a machine incapable of doing harm to anyone, clearly contrary to Illinois products liability law, citing *Denton v. Bachtold Brothers, Inc.* (1972), 8 Ill.App.3d 1038, 291 N.E.2d 229. In making the foregoing argument, defendant relies upon *Winnett v. Winnett* (1974), 57 Ill.2d 7, 310 N.E.2d 1.

In *Winnett,* the Supreme Court affirmed the dismissal of a complaint seeking damages from a manufacturer for injuries sustained by a 4-year-old child where the child's fingers became caught in the conveyor belt of a farm forage wagon. The court first noted that,

"* * * liability of a manufacturer properly encompasses only those individuals to whom injury from a defective product may reasonably be foreseen and only those situations where the product is being used for the purpose for which it was intended or for which it is reasonably foreseeable that it may be used." (57 Ill.2d 7, 11, 310 N.E.2d 1, 4.)

The court then defined foreseeability as:

"* * * that which it is *objectively reasonable* to expect, not merely what might conceivably occur." (Emphasis in original.) (57 Ill.2d 7, 12-13, 310 N.E.2d 1, 5.)

The court concluded by holding that while questions of foreseeability are ordinarily jury questions, in the case before it it could not be held that a manufacturer should reasonably foresee that a 4-year-old child would be permitted to approach an operating farm forage wagon or be permitted to place her fingers in or on the holes in its moving screen. We find that *Winnett* is clearly distinguishable from the case at bar. Simply stated, injury to a 4-year-old child by a farm forage wagon is clearly different than injury to an inexperienced and/or unsupervised adult operator of a boring and cutting machine. We cannot say as a matter of law that injury to the plaintiff in this case was not objectively reasonable to expect. The statement of the court in the appellate court opinion in *Dunham* is of interest in this context:

"* * * the question of what constitutes an ordinary use is clearly a question of fact and that the foreseeability of careless use is a matter for a jury, unless the use of the product was, in fact, so unintended and unforeseeable that the case should be taken from the jury." (86 Ill.App.2d 315, 330, 229 N.E.2d 684, 691.)

We therefore find that the issues of whether the product in question was unreasonably dangerous and whether the injury to the plaintiff was foreseeable present questions to be resolved by a jury.

Defendant also argues that the machine in question contained no defect in that the facts in this case show that no safety devices were or are available to protect an individual's fingers in the sawing area. We find that the availability of such safety devices, the so-called "state of the art," is no defense as to an action sounding in strict products liability. The Supreme Court pointed this out in *Cunningham v. MacNeal Memorial Hospital* (1970), 47 Ill.2d 443, 266 N.E.2d 897. In that case, plaintiff contracted

serum hepatitis from the blood supplied by the defendant hospital. Defendant contended that the state of medical science was such that there were no means by which the existence of serum hepatitis virus could be detected in whole blood and that therefore, it should not be held strictly liable for any injury caused thereby. In rejecting defendant's contention, the Supreme Court stated:

> "Whatever be the state of the medical sciences in this regard, we disagree with defendant's conclusion. * * * To allow a defense to strict liability on the ground that there is no way, either practical or theoretical, for a defendant to ascertain the existence of impurities in his product would be to emasculate the doctrine and in a very real sense would signal a return to a negligence theory." (47 Ill.2d 443, 453, 266 N.E.2d 897, 902.)

In *Gelsumino v. E. W. Bliss Co.* (1973), 10 Ill.App.3d 604, 609, 295 N.E.2d 110, 113, the court stated that the test for imposing strict liability,

> "* * * is whether the product was unreasonably dangerous despite the fact that the seller exercised all possible care in the preparation and sale of his product. American Law Institute's Restatement of Torts, 2d Edition, Sec. 402A."

(See also *Rivera v. Rockford Machine & Tool Co.*) Thus, the availability or nonavailability of safety devices or industry standards is, as stated by the Supreme Court in *Cunningham*, "of absolutely no moment."

■■ Defendant further argues that the facts in this case demonstrate that the employer's actions were the sole proximate cause of plaintiff's injuries. This argument is based upon the fact that the employer failed to instruct plaintiff in the operation of the machine, was not present when plaintiff approached the machine, left the machine running without informing plaintiff and left pieces of wood within the sawing area. It is true, as defendant indicates, that if the record in this case indicates that the conduct of another were the *sole* proximate cause of plaintiff's injuries, defendant could avoid all liability. (See *Santiago v. Package Machinery Co.* (1970), 123 Ill.App.2d 305, 260 N.E.2d 89; and *Rivera v. Rockford Machine & Tool Co.*) However, the issue of proximate cause "is pre-eminently one for the jury * * *." (*Wells v. Web Machinery Co.* (1974), 20 Ill.App.3d 545, 553, 315 N.E.2d 301, 309. See also *Ney v. Yellow Cab Co.* (1954), 2 Ill.2d 74, 117 N.E.2d 74.) The fact that there were no safety devices on the machine, the fact that no written warnings were given in reference to the operation of the machine and the fact that an operator could not determine if the machine were running indicate that a triable issue exists as to the issue of proximate cause.

■■ We therefore conclude that entry of summary judgment in this

case was erroneous. Triable issues of fact exist with respect to the questions of whether plaintiff's injuries were caused by an unreasonably dangerous condition of defendant's product.

Plaintiff makes the additional argument that this court should enter a summary judgment in her favor on the issue of liability despite the fact that plaintiff did not move for summary judgment in the trial court. This we will not do. First, we observe the statement of the court in *Cobbins v. General Accident Fire & Life Assurance Corp.* (1972), 3 Ill.App.3d 379, 387, 279 N.E.2d 443, 448, *rev'd on other grounds*, 53 Ill.2d 285, 290 N.E.2d 873:

> "For these reasons, it was error for the trial court to grant General Accident's motion for summary judgment. But inasmuch as plaintiff did not move for that relief in the trial court, we cannot, in this court, grant his prayer that judgment be entered here in his favor. (*Cooper v. Liberty Nat. Bank of Chicago*, 332 Ill.App. 459, 75 N.E.2d 769.)"

Second, the determination that triable issues of fact exist which preclude entry of summary judgment in defendant's favor also, in our view, precludes entry of summary judgment in plaintiff's favor. Simply stated, we cannot say, as a matter of law, that plaintiff is entitled to a judgment on the issue of liability.

A final matter remains for our consideration. Plaintiff filed a motion in this court, and defendant has filed objections thereto, which motion and objections we have ordered taken with the case. In her motion, plaintiff states that in its brief, defendant engaged in accusations against plaintiff based on material outside the record and irrelevant to the issues on appeal, attempting thereby to imply that plaintiff was less than diligent in pressing her claim in the trial court. Plaintiff then prays that defendant's brief be stricken in whole, or on those parts unsubstantiated by the record. In its objections to plaintiff's motion, defendant alleges that it made no untrue statements in its brief but rather made fair comment based on the record. While it is improper for counsel to include statements in a brief which are untrue, outside the record or irrelevant to the issues on appeal, our decision herein eliminates the need to rule on this motion. See *Department of Public Works & Buildings v. Jensen* (1973), 11 Ill.App.3d 93, 296 N.E.2d 52.

The judgment of the trial court is accordingly reversed and the cause remanded for further proceedings.

Reversed and remanded.

SEIDENFELD and HALLETT, JJ., concur.