JOHN D. FULLER, Plaintiff-Appellant, *v.* FEND-ALL COMPANY, Defendant-Appellee.

First District (5th Division)    No. 77-1096

Opinion filed March 30, 1979.

Lipnick, Barsey & Joseph, of Chicago (William J. Harte and Ludwig E. Koleman, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Thomas M. Crisham and Stanley J. Davidson, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff appeals the trial court's granting of defendant's motion for a summary judgment in a strict liability action for injuries sustained while plaintiff was wearing safety glasses manufactured by defendant. Plaintiff contends that the trial court erred in granting the summary judgment motion in that there existed a genuine issue of fact for the jury on the question of whether the glasses were unreasonably dangerous. We reverse and remand.

The record in this case consists of the pleadings, defendant's interrogatories and plaintiff's answers to the interrogatories, a deposition of the associate safety director of plaintiff's employer, and defendant's motion for summary judgment and attached affidavit of defendant's quality control director. Plaintiff alleged that on or about February 21, 1973, while employed by Schwinn Bicycle Company (hereinafter Schwinn), he was wearing certain safety glasses, identified as "Fend-All T-30, multi-fit temple," which were manufactured by defendant. He claimed that the glasses were "in an unreasonably dangerous condition at the time of * * * purchase and were defective in design and manufacture at the time it left the defendant's control." While plaintiff was wearing the glasses in the manner intended, a piece of metal flew into his right eye and caused blindness in the eye. Plaintiff alleges that the blindness and related losses and damages were the direct and proximate results of the unreasonably dangerous condition in the glasses. In his amended answer to defendant's interrogatories, plaintiff claimed that the safety glasses were unreasonably dangerous in that they lacked safety side shields. Defendant's answer to plaintiff's complaint denied that the glasses were unreasonably dangerous and that plaintiff suffered any injuries as a direct

or proximate result of any unreasonably dangerous condition of the glasses.

The deposition of Edward Linke, Schwinn's associate safety director, indicated that he had 23 years of experience in safety work, with 19 of these years being spent working for Schwinn. As associate safety director, it was his responsibility to note and correct unsafe conditions in the plant and to prescribe safety rules and regulations. One of the safety rules at Schwinn was that all employees were to wear safety glasses. Linke purchased the glasses from the defendant. He said that he ordered glasses according to the needs of the workers at the plant. During the course of his employment, he mostly ordered glasses without side shields, but he had also ordered glasses with side shields and spare side shields for those employees who wanted them. He said that glasses without side shields were appropriate for punch press operations, screw machine products operations, and other operations where there is no danger of sparks, and glasses with side shields were considered appropriate for operations where there is danger from a grinding operation or where there was a need to protect those in close proximity from flying objects. Although he considered glasses with shields to be appropriate for a certain type of operation, there was no company requirement that they be worn. Oftentimes, employees tore the side shields off the glasses.

Linke said that he knew that plaintiff was a machinist whose job was to repair machinery. He said that he had heard that plaintiff had been struck in the eye by fragments of two punches while he was replacing the punches on a multipress used to punch out holes on a bicycle rim. Linke said that it was his understanding that plaintiff had been issued safety glasses without side shields. He also said that he did not know if plaintiff had ever been issued side shields but he did know that plaintiff could have gotten the side shields, free of charge, from the first aid department if he had requested them.

Defendant's motion for a summary judgment included the affidavit of Keith Moburg, defendant's quality control director. Moburg stated that defendant manufactured and sold a full line of safety glasses, including various types of safety glasses, goggles, and shields. He confirmed the fact that Schwinn purchased glasses, with and without side shields, and side shields apart from glasses.

On March 15, 1977, the trial court granted plaintiff's oral motion to amend his complaint to allege "failure to warn." At the same time, the court granted defendant's motion for summary judgment. Although plaintiff later filed an amended complaint and the trial court granted defendant's new motion for a summary judgment, plaintiff has acknowledged during oral arguments before this court that only the first summary judgment is being contested here.

Opinion

■■ A motion for a summary judgment should be granted if the record does not disclose any genuine issue of a material fact. (Ill. Rev. Stat. 1971, ch. 110, par. 57(3); *Littrell v. Coats Co.* (1978), 62 Ill. App. 3d 516, 379 N.E.2d 293.) Ordinarily, the question of whether a product is defective or unreasonably dangerous is a question for the trier of fact and a summary judgment should not be granted. (*Richelman v. Kewanee Machinery & Conveyor Co.* (1978), 59 Ill. App. 3d 578, 375 N.E.2d 885.) Nevertheless, when the facts are undisputed, it is proper to grant a motion for a summary judgment. See *Hunt v. Blasius* (1978), 74 Ill. 2d 203, 384 N.E.2d 368.

Plaintiff contends that defendant's motion for summary judgment should not have been granted because the facts are not undisputed on the question of whether the safety glasses are unreasonably dangerous. He argues that the facts show that the glasses were unreasonably dangerous because of a design defect and a defect in the failure to warn against a foreseeable danger. He states that the design defect was the absence of side shields and argues that this design defect made the glasses unreasonably dangerous for their intended use. He further argues that the ready availability of side shields does not alter this conclusion.

■■ Under a theory of strict liability, a manufacturer is not made an absolute insurer of the consumer's liability. (*Hunt v. Blasius* (1978), 74 Ill. 2d 203, 384 N.E.2d 368; *Genteman v. Saunders Archery Co.* (1976), 42 Ill. App. 3d 294, 355 N.E.2d 647.) He is liable only for injuries caused by a product's unreasonably dangerous condition which existed at the time the product left the manufacturer's control. (*Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182; *Mata v. Clark Equipment Co.* (1978), 58 Ill. App. 3d 418, 374 N.E.2d 763.) A product is considered to be unreasonably dangerous if it is "dangerous to an extent beyond that which would be contemplated by the ordinary [person] * * * with the ordinary knowledge common to the community as to its characteristics." (Restatement (Second) of Torts §402A, comment i (1965); *Hunt v. Blasius* (1978), 74 Ill. 2d 203, 384 N.E.2d 368.) A manufacturer is duty-bound to adopt all devices necessary to make his product not unreasonably dangerous (*Stanfield v. Medalist Industries, Inc.* (1975), 34 Ill. App. 3d 635, 340 N.E.2d 276) and he may not delegate that duty to a third party. *Rios v. Niagara Machine & Tool Works* (1974), 59 Ill. 2d 79, 319 N.E.2d 232; *Scott v. Dreis & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971, 326 N.E.2d 74.

Plaintiff's argument that the safety glasses were unreasonably dangerous because of a design defect is predicated upon the fact that defendant failed to attach side shields to all of its glasses. Plaintiff argues that without the side shields, the glasses provided only partial protection,

thus, betraying their surface promise of being safety glasses. We believe that plaintiff's argument improperly places the focus on the availability of the additional safety devices.

■■■ In determining whether a product is unreasonably dangerous, the focus should be placed on the product itself and not the availability of any additional safety devices. (See *Hunt v. Blasius* (1978), 74 Ill. 2d 203, 384 N.E.2d 368.) The crucial question is not whether a product could have been made safer, but rather whether the product in its present state is "dangerous because * * * [it] fail[s] to perform in the manner reasonably to be expected in light of * * * [its] nature and intended function." (*Dunham v. Vaughan & Bushnell Mfg. Co.* (1969), 42 Ill. 2d 339, 342, 247 N.E.2d 401, 403.) Plaintiff has not pointed to any facts in the record which demonstrate that the safety glasses fail to perform in the manner reasonably to be expected in light of their nature and function. He argues that the glasses are unreasonably dangerous because they do not protect against particle side entry during intended use, but we do not believe that glasses without side shields can be reasonably expected to protect against particle side entry. It is the nature and function of glasses without side shields to protect against particles or other objects thrust directly at the glasses. Since there are no facts indicating that the glasses have failed in this respect, we cannot say that the absence of side shields can be considered an unreasonably dangerous condition.

■■ Although we do not believe that there are any facts in the record indicating a design defect which makes the safety glasses unreasonably dangerous, we do believe that there is a disputed question of fact as to the existence of a duty to warn. A duty to warn is normally a question of law (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465; *Zidek v. General Motors Corp.* (1978), 66 Ill. App. 3d 982, 384 N.E.2d 509) but, upon a disputed record, it becomes a question of fact. (*Kerns v. Engelke* (1977), 54 Ill. App. 3d 323, 369 N.E.2d 1284; *Jonescue v. Jewel Home Shopping Service* (1973), 16 Ill. App. 3d 339, 306 N.E.2d 312.) A duty to warn will be found " 'where there is unequal knowledge, actual or constructive, and the defendant, possessed of such knowledge, knows or should know that harm might or could occur if no warning is given.' " (*Weiss v. Rockwell Manufacturing Co.* (1973), 9 Ill. App. 3d 906, 912, 293 N.E.2d 375, 379, quoting *Kirby v. General Paving Co.* (1967), 86 Ill. App. 2d 453, 457, 229 N.E.2d 777, 779. See *Peterson v. B/W Controls, Inc.* (1977), 50 Ill. App. 3d 1026, 366 N.E.2d 144.) If a manufacturer knows or should know that harm could result from a particular use of his product, he may be under a duty to warn against such use. *Stanfield v. Medalist Industries, Inc.* (1975), 34 Ill. App. 3d 635, 340 N.E.2d 276.

In the instant case, defendant did not place any warning on his product. He contends that no warning was necessary because the danger

was obvious and because "it is the responsibility of the individual utilizing the safety device to ascertain the type of device which will afford protection for the specific procedure the wearer is involved in." We disagree with both of defendant's arguments.

■■ The facts do not reveal that the dangers associated with the use of safety glasses without side shields were obvious. All that the record shows is that plaintiff, a machinist for Schwinn, allegedly lost the sight in his right eye as a result of a piece of metal striking him in the eye while he was wearing defendant's safety glasses in the manner intended. We have not been told anything about the length of his experience as a machinist or his familiarity with the other eye safety devices which defendant manufactures. Additionally, we have not been told whether plaintiff was aware of the danger of using glasses without side shields when repairing a punch press. Absent such information, we believe that it is at least disputed whether the danger of the use of glasses without side shields was obvious to plaintiff.

■■ Furthermore, we do not believe that it is undisputed that it is plaintiff's responsibility to choose the appropriate safety glass features. A manufacturer is held to the degree of knowledge and skill of an expert. (*Neal v. Whirl Air Flow Corp.* (1976), 43 Ill. App. 3d 266, 356 N.E.2d 1173.) Absent facts that plaintiff was equally aware of the danger of using the glasses without side shields while repairing the punch press and of the ready availability of alternate safety features, we cannot say that defendant had no duty to warn here. Performance of this duty most certainly would not have placed an undue burden upon defendant. See *Jonescue v. Jewel Home Shopping Service* (1973), 16 Ill. App. 3d 339, 306 N.E.2d 312.

For the foregoing reasons, we reverse the order of the trial court granting summary judgment in defendant's favor and remand for further proceedings consistent with this opinion.

Reversed and remanded.

LORENZ and MEJDA, JJ., concur.