BEVERLY HAYES, Plaintiff-Appellant, v. KAY CHEMICAL COMPANY, Defendant-Appellee.

First District (3rd Division) No. 83—1430

Opinion filed June 5, 1985.—Rehearing denied September 20, 1985.

Benjamin & Shapiro, Ltd., of Chicago (Christopher S. Carroll, of counsel), for appellant.

Quinn & Broderick, of Chicago (James R. Quinn, of counsel), for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Plaintiff, Beverly Hayes, appeals from an order granting defendant, Kay Chemical Company's motion to strike and dismiss plaintiff's two-count first amended complaint, which alleged in count I products liability and in count II negligence. The pertinent facts appear from the properly pleaded allegations, and are admitted by defendant's motion to dismiss.

Kay Chemical Company was in the business of manufacturing and distributing a product called McD Grill Cleaner, which it sold

exclusively to McDonalds Restaurants as a grill cleaner. The cleaner was a colorless, odorless, caustic liquid. On September 21, 1980, an employee of the McDonalds Restaurant in Homewood used a towel saturated with McD Grill Cleaner to clean an appliance in the restaurant and then left it lying in the kitchen area. Plaintiff later picked up the towel and wiped her hands and arms with it, not knowing the towel was wet with the grill cleaner. As a result, plaintiff suffered severe and permanent burn injuries and scars. The following language was used to describe both defendant's negligent conduct and the defective and unreasonably dangerous nature of the product:

a. It was so designed and manufactured such that it was a caustic substance that was odorless or colorless.

b. Failed to warn users of its product that it was caustic.

c. Failed to warn users of its product that said product should not be soaked into cloth or failed to warn its users that if they did so, this would present a risk of injury to the public.

In the circumstances of this case, involving allegations that the cleaner had no odor and no color and allegations that defendant failed to warn persons coming in contact with it that it was not water and therefore not harmless, the difference between strict liability and negligence becomes immaterial. *Jonescue v. Jewel Home Shopping Service* (1973), 16 Ill. App. 3d 339, 306 N.E.2d 312.

Defendant notes that plaintiff was not a user of the product and asserts that a manufacturer of a caustic liquid has no duty to warn persons coming into incidental contact with the product after it has been removed from the original container. Under Illinois products liability law, the user-nonuser dichotomy is not helpful in fixing the limits of the liability of the manufacturer of a product. The manufacturer has the nondelegable duty to make a product which is reasonably safe. (*Anderson v. Hyster Co.* (1979), 74 Ill. 2d 364, 385 N.E.2d 690.) Illinois has imported from the law of negligence into the law of products liability the familiar test of foreseeability to limit the incidents for which a manufacturer can be held liable for breach of that duty. The *Jonescue* court held that a manufacturer's liability is not limited to users of the product. There, Donald Jonescue, as parent and guardian of his minor daughter, sued Jewel Home Shopping Service for injuries sustained by his daughter when she drank from a bottle of cleaner manufactured and sold by the defendant. The court said:

"Defendant reasonably could anticipate that in the process

of use for its intended purpose in the home environment Jetco All Purpose Cleaner might be placed in close proximity to children. A jury therefore could properly find it foreseeable that at some point in time a child would drink from a bottle of the cleaner so placed." *Jonescue v. Jewel Home Shopping Service* (1973), 16 Ill. App. 3d 339, 345.

■■ In the instant case, Kay Chemical Company admitted that the grill cleaner was caustic and dangerous, thus it was aware that the product was likely to cause harm. If a manufacturer knows or should know that harm could result from a particular use of his product, he has a duty to warn against such use. (*Fuller v. Fend-All Co.* (1979), 70 Ill. App. 3d 634, 638, 388 N.E.2d 964; *Stanfield v. Medalist Industries, Inc.* (1975), 34 Ill. App. 3d 635, 340 N.E.2d 276.) A duty to warn will be found where defendant knows or should know that harm might or could occur if no warning is given. *Weiss v. Rockwell Manufacturing Co.* (1973), 9 Ill. App. 3d 906, 912, 293 N.E.2d 375; *Kirby v. General Paving Co.* (1967), 86 Ill. App. 2d 453, 457, 229 N.E.2d 777. See *Peterson v. B/W Controls, Inc.* (1977), 50 Ill. App. 3d 1026, 366 N.E.2d 144.) We hold that the question here, of whether plaintiff's use of the towel to wipe her hands was foreseeable, was one which properly should be left to the jury.

If it is found that the facts placed upon Kay Chemical Company a duty to warn, the question becomes whether that duty extends beyond proper packaging and labeling of its dangerous product as plaintiff urges. Defendant contends that plaintiff's argument would impose upon it a duty it cannot possibly fulfill when she claims that a manufacturer's duty to warn or in some manner identify a liquid caustic material extends beyond the original package.

At law, warnings have been divided by function into two classes: those which shift the risk or reduce it. Products which are unavoidably unsafe may require a warning which informs that harm sometimes results from their use. If this warning is adequate, consumers then proceed to use those products at their own risk. On the other hand, there are warnings, like that advocated by plaintiff, which are intended to reduce the probability that harm would occur at all from an otherwise dangerous product. The adequacy of warnings of either type usually presents jury questions. (*Palmer v. Avco Distributing Corp.* (1980), 82 Ill. 2d 211, 412 N.E.2d 959.) In the present case, there is no issue before us as to whether a warning on the package or label of the product would have prevented plaintiff's injuries. However, we are not prepared to hold as a matter of law that Kay

Chemical Company's duty to warn that the caustic liquid it sold was not harmless did not extend beyond labeling and packaging.

A question similar to that here was presented in *Ziglar v. E. I. DuPont De Nemours & Co.* (1981), 53 N.C. App. 147, 280 S.E.2d 510. In that case a tobacco farmer bought a clear liquid insecticide manufactured by DuPont. He placed the chemical in the back of his pickup truck, where he also had iced water and paper cups for the refreshment of his workers. One of them, thinking the colorless liquid was water, drank some of it and died. In reversing a summary judgment in favor of DuPont, the court said:

> "The law requires a manufacturer to eliminate the dangerous character of goods to the extent that the exercise of reasonable care, considering all of the circumstances, enables him to do so. [Citation.] It is not without significance, therefore, that Du Pont began bottling Vydate L in gray, opaque containers, on 24 May 1974, shortly after this tragic accident occurred, as requested by the State of North Carolina, and that it added amber coloration to the colorless poison in January 1975. Thus, on this record, a critical factual issue, and one not susceptible to disposition by summary judgment, was whether Du Pont was negligent in manufacturing an inherently dangerous toxic substance without taking reasonable precautions to decrease the risk of its lethal confusion with ordinary, harmless drinking water." 53 N.C. App. 147, 155, 280 S.E.2d 510, 516.

■ We find the reasoning of the court in *Ziglar* persuasive. We cannot say as a matter of law that Kay Chemical Company had no duty in manufacturing this dangerous liquid to take the reasonable precaution of adding coloration or some other distinctive characteristic to decrease the risks of its being mistakenly taken to be harmless water. For the foregoing reasons, the order granting defendant's motion to strike and to dismiss plaintiff's first amended complaint must be reversed.

Plaintiff asserts here for the first time that the grill cleaner was negligently designed to include an unnecessariy high concentration of caustic chemical. We do not pass upon this additional theory of the case not pleaded below, nor do we pass upon plaintiff's right to replead to assert it, those questions not being properly before us.

Reversed and remanded.

McGILLICUDDY and RIZZI, JJ., concur.