VIVIAN MORGAN, Indiv. and as Adm'r of the Estate of Robert Morgan, Adm'r, Deceased, Plaintiff-Appellant, v. BETHLEHEM STEEL CORPORATION *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 84—1795

Opinion filed July 9, 1985.—Rehearing denied August 20, 1985.

Law Offices of Jeffrey M. Goldberg, of Chicago (Jeffrey M. Goldberg, of counsel), for appellant.

Rooks, Pitts & Poust, of Chicago (George W. Gessler and Mark S. Dym, of counsel), for appellee Bethlehem Steel Corporation.

JUSTICE PERLIN delivered the opinion of the court:

Vivian Morgan, plaintiff, appeals from an order of the circuit court of Cook County granting summary judgment to defendants Bethlehem Steel Corporation (Bethlehem) and Trailer-Train Company (TT). Plaintiff, individually and as administrator of the estate of decedent, Robert Morgan, filed a complaint to recover damages resulting from decedent's death.

The record indicates that on February 9, 1980, at 3:45 a.m., a Chicago police officer observed a damaged auto in the middle of the railroad tracks at a railroad crossing located near 40th and Morgan Streets, in Chicago. Plaintiff's decedent was the sole occupant of the auto; he was pronounced dead on arrival at Mercy Hospital one hour later.

While there were no witnesses to the accident, subsequent investigation revealed that a railroad car in a train which had passed over that crossing at approximately 3:40 a.m. on the night in question had scrape marks on it which could have been caused by a collision. The railroad car in issue is a yellow, 90-foot long flat-bed car which was not loaded at the time of the accident. That car was the 26th car in a 36-car train which had been traveling at approximately 15 miles per hour when it passed over the Morgan Street crossing.

Plaintiff's amended complaint contains four counts. In counts I, II and III, she contends that defendant city of Chicago and Consolidated Rail Corporation had failed to provide adequate warnings at the railroad crossing. Those counts remain pending below. Count IV is brought against defendants Bethlehem and TT and sounds in strict tort liability on a "failure to warn" theory. She contends that the railroad car in question was owned by TT and manufactured by Bethlehem and that it was "unreasonably dangerous" because it:

"a. Was designed, manufactured and sold without reflectorized side markers.

b. Was designed, manufactured and sold without lighting systems indicating the side of said train.

c. Was designed, manufactured and sold without side lights on said train."

These defendants filed motions for summary judgment, contending, *inter alia*, that the railroad car was not made "unreasonably dangerous" due to the absence of side markers and that defendants owed no duty to warn of the danger of colliding with the railroad car since such danger was open and obvious to all. No relevant affidavits were filed by these parties, and the facts were not in dispute. The trial court granted defendants' motions for summary judgment, apparently holding that as a matter of law the absence of side markers did not render the railroad car unreasonably dangerous.

■■ In order to recover in strict liability plaintiff must establish three elements: (1) the injury must result from a condition of the product; (2) the condition must be unreasonably dangerous; and (3) the condition must have existed at the time the product left the manufacturer's control. *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182.

Plaintiff here is not alleging the existence of any physical defect in the railroad car; rather, she argues that defendants breached a duty to warn of the risk of collision with the railroad car when they failed to affix some type of warning or illuminating marker to the side of the railroad car. Plaintiff asserts that such markers would make the car more "visible" and would thereby have prevented the collision here.

■■ Illinois recognizes a cause of action for a manufacturer's, or seller's, failure to warn of a product's "dangerous propensities."

"It is well recognized that a failure to warn of a product's dangerous propensities may serve as the basis for holding a manufacturer or seller strictly liable in tort. [Citations.] The product is in a 'defective condition unreasonably dangerous'

[citation], not because of some defect inherent in the product itself, but because of the absence of an adequate warning accompanying the product." (*Woodill v. Parke Davis & Co.* (1980), 79 Ill. 2d 26, 29-30, 402 N.E.2d 194. See also *Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d 195, 454 N.E.2d 210.)

Warnings serve to either shift, or to reduce, the risk attendant to use of the product. *Palmer v. Avco Distributing Corp.* (1980), 82 Ill. 2d 211, 221, 412 N.E.2d 959.

■ When, as here, the facts are not in dispute, the question of whether there exists a duty to warn against the allegedly dangerous propensity of a product is a question of law for the court.

"The determination of whether a duty to warn exists is a question of law and not of fact. [Citations.] Underlying such a determination is necessarily the question of foreseeability [citation], which, in the context of determining the existence of a duty, is for the court to resolve. 'A foreseeability test, however, is not intended to bring within the scope of the defendant's liability every injury that might possibly occur. "In a sense, in retrospect almost nothing is entirely unforeseeable." [Citation.] Foreseeability means that which it is *objectively reasonable* to expect, not merely what might conceivably occur.' " (Emphasis in original.) (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 466, 343 N.E.2d 465.)

Thus, a manufacturer may be liable for failing to warn of dangers associated with the unintended, but nonetheless foreseeable, use of the product. *Jonescue v. Jewel Home Shopping Service* (1973), 16 Ill. App. 3d 339, 306 N.E.2d 312.

■ ■ It has been repeatedly held that "[p]roducts liability does not make the manufacturer an insurer of all foreseeable accidents which involve its product." (*Hunt v. Blasius* (1978), 74 Ill. 2d 203, 211, 384 N.E.2d 368.) Because the purpose of a warning for a product is to "apprise a party of a danger of which he is not aware" (*Jonescue v. Jewel Home Shopping Service* (1973), 16 Ill. App. 3d 339, 345, 306 N.E.2d 312), it has been said that no duty to warn arises when the danger is "fully obvious and generally appreciated" (16 Ill. App. 3d 339, 345, 306 N.E.2d 312). Other courts have held that a duty to warn exists only when the manufacturer knows, or should know, of an "unusual" danger involved in the use of the product; "[h]owever, there is no duty to warn when the manufacturer and the user have equal knowledge of the danger." (*Peterson v. B/W Controls, Inc.* (1977), 50 Ill. App. 3d 1026, 1029, 366 N.E.2d 144.

See also *Fuller v. Fend-All Co.* (1979), 70 Ill. App. 3d 634, 388 N.E.2d 964; *Illinois State Trust Co. v. Walker Manufacturing Co.* (1979), 73 Ill. App. 3d 585, 392 N.E.2d 70.) Our supreme court has stated, "Although [the Restatement of Torts] recognizes that a failure to warn can make a product unreasonably dangerous, we conclude that a duty to warn is not required where the product is not defectively designed or manufactured, and where the possibility of injury results from a common propensity of the product which is open and obvious." *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 467, 343 N.E.2d 465.

■ Plaintiff here contends that the issue of whether the railroad car was unreasonably dangerous was a question of fact for resolution by the jury. While she concedes that there exist no laws, regulations or standards which require railroad cars to include any type of side markings in order to make them more visible, she cites to several governmental reports which indicate the importance of making trains "conspicuous" for safety purposes.

Defendants respond that summary judgment was properly entered. They observe that plaintiff has not presented any affidavit or other evidence indicating that this railroad car was unreasonably dangerous. They further contend that the sole "defect" alleged by plaintiff—the danger posed when a motorist runs his auto into the side of the railroad car—is so open and obvious that the law requires no warning of it.

While we find no case in Illinois (or in other jurisdictions) which has passed upon the question presented by the instant case, various Illinois cases have determined that no warning was required to advise of patent dangers. *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465 (electricity is dangerous and metal conducts electricity); *Weiss v. Rockwell Manufacturing Co.* (1973), 9 Ill. App. 3d 906, 293 N.E.2d 375 (absent pressure, boards will be thrown from cutting knives mounted on high speed rotating spindles); *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 230 N.E.2d 182 (shoes become slippery when wet); *Pitts v. Basile* (1966), 35 Ill. 2d 49, 219 N.E.2d 472 (darts should not be thrown towards persons).

Similarly, we believe that the "danger" posed by the railroad car in the circumstances of the instant case was "open and obvious" and that therefore no railroad car markings were required. "It is well established that railroad crossings are dangerous, and that in approaching them a person is required to diligently use the senses of sight and hearing and to exercise a degree of care commensurate with the known danger. [Citations.]" *(National Bank v. Norfolk & Western*

*Ry. Co.* (1978), 73 Ill. 2d 160, 169, 383 N.E.2d 919.) As was held in a slightly different context; "the presence of the train itself was sufficient warning." *Missouri-Kansas Texas R.R. Co. v. Wagner* (Tex. Civ. App. 1966), 400 S.W.2d 357, 361.

Although it did not involve a duty-to-warn cause of action, we find pertinent the statement of our supreme court in *Hunt v. Blasius* (1978), 74 Ill. 2d 203, 211, 384 N.E.2d 368, relevant to products liability actions premised upon collisions with the product.

> "A manufacturer is not under a duty in strict liability to design a product which is totally incapable of injuring those who foreseeably come in contact with the product. Products liability does not make the manufacturer an insurer of all foreseeable accidents which involve its product. Virtually any product is capable of producing injury when put to certain uses or misuses. This is particularly true when injury results from a collision with the product. Injuries are not compensable in products liability if they derive merely from those inherent properties of a product which are obvious to all who come in contact with the product. [Citation.] The injuries must derive from a distinct defect in the product, a defect which subjects those exposed to the product to an *unreasonable* risk of harm." (Emphasis in original.)

We conclude that the possibility of a collision between a motorist and the railroad car is a risk which is open and obvious and, therefore, defendants owed no duty to warn of such. The trial court's order granting defendants' motions for summary judgment is affirmed.

Affirmed.

HARTMAN and BILANDIC, JJ., concur.