CHRIS SCHROTH, Plaintiff-Appellant, v. NORTON COMPANY, Defendant-Appellee.

Fourth District   No. 4—88—0945

Opinion filed July 18, 1989.

John T. Papa and John Halloran, of Pratt and Callis, P.C., of Granite City, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Charles H. Cole, and Lynn D. Dowd, of counsel), for appellee.

JUSTICE GREEN delivered the opinion of the court:

On April 21, 1987, plaintiff Chris Schroth filed suit in the circuit court of Macon County against defendant Norton Company (Norton) and others seeking damages for injuries plaintiff received to his eyes while, during the course of his work, he was operating a pencil grinder when a grinding disk exploded. At the time of the explosion, plaintiff was wearing safety glasses manufactured by Norton. The count against Norton sounded in the tort of strict liability for defective product. On November 28, 1988, the circuit court allowed Norton's motion for summary judgment and made a finding pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). Plaintiff has appealed. We affirm.

■ The clearly stated and often repeated rule in regard to the circumstances in which a summary judgment may properly be issued is that it "is appropriate only when the pleadings, depositions, admissions on file, and affidavits present no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." (*In re Estate of Whittington* (1985), 107 Ill. 2d 169, 176-77, 483

N.E.2d 210, 215.) Following the rule requires the court to construe the evidence shown by the depositions, admissions, and affidavits strongly against the movant. (*Forsyth v. Dugger* (1988), 169 Ill. App. 3d 362, 365, 523 N.E.2d 704, 705.) Plaintiff contends on appeal here that the record presents genuine issues of material fact as to whether the safety glasses manufactured by Norton were unreasonably dangerous or defective because of (1) a lack of warning by Norton of the limitations upon the effectiveness of the glasses; and (2) their failure to perform in the manner reasonably to be expected in light of their nature and intended function. Accordingly, plaintiff maintains the entry of summary judgment was erroneous.

The evidence was undisputed that when the grinding disk exploded, a fragment thereof struck the plaintiff's spectacles and dislodged them, pushing them up to his forehead, whereupon a subsequent particle then struck plaintiff's eye. According to the plaintiff's deposition, the impact from the fragment was extremely powerful, but the glass in the spectacles was not broken. Norton presented the deposition of a safety expert who stated: (1) no spectacles could have resisted dislodgement by the force of the fragment, but goggles might have; and (2) a user would immediately recognize that spectacles could be dislodged when goggles would not. The record contained no indication Norton had given either plaintiff or his employer any warning concerning any limitations as to the protection afforded by safety spectacles as distinguished from goggles.

■ The parties do not dispute that a product is defective when, in a manner which is dangerous, it fails to perform as would reasonably be expected or when a manufacturer fails to give to users reasonable warning of latent dangers known to the manufacturer. (*Dunham v. Vaughan & Bushnell Manufacturing Co.* (1969), 42 Ill. 2d 339, 247 N.E.2d 401.) However, no defect is created when the inherent danger in a product is obvious to all who come in contact with it. (*Hunt v. Blasius* (1978), 74 Ill. 2d 203, 384 N.E.2d 368.) Under the record here the questions of whether the trial court properly held, as a matter of law, that (1) no warning was required as to the limitations of the safety spectacles, and (2) those spectacles did not fail to perform as might reasonably be expected, depend upon whether the fact that the spectacles could be knocked away from the eyes by a strong blow leaving the eyes unprotected was obvious to all. We agree it was.

The closest case and that most favorable to plaintiff is *Fuller v. Fend-All Co.* (1979), 70 Ill. App. 3d 634, 388 N.E.2d 964. There, the plaintiff was struck in the eye by fragments of two punches while he was replacing the punches on a multipress used to punch out holes on

a bicycle rim. At the time, that plaintiff was wearing safety spectacles manufactured by that defendant. Those spectacles had no side shields. Suit was brought against that manufacturer on a theory of defective product. The appellate court reversed a summary judgment for the defendant manufacturer on the basis a question of fact existed as to whether the manufacturer should have warned users of the dangers of doing the type of work involved without side shields on the glasses. Citing *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465, the court recognized the question of whether there is a duty to warn is usually a question of law but considered the question to be one of fact there, because the record was disputed. Emphasis was placed on the fact that the manufacturer would be in a better position to know of the dangers involved in using a product than would an ordinary user.

Here, as far as matters controlled by Norton are concerned, plaintiff's injury could only have possibly been prevented by warning him that goggles would have given him more protection from the unusual type of injury which he received. In *Fuller*, the failure of the manufacturer was in not warning the user that greater safety would result from placing an attachment, side shields, to the product manufactured. The *Fuller* court indicated the record was uncertain, but the only uncertainty mentioned was as to the experience and knowledge of the user. That would seem to be of little significance, because questions of assumption of the risk, misuse, or contributory negligence were not in issue, and the manufacturer would have no way of knowing the sophistication of each possible user. In any event, here we found no confusion in the record.

We note the supreme court has laid great importance upon the theory that the existence of duty is a question of law for the court. (*Genaust*, 62 Ill. 2d 456, 343 N.E.2d 465; *Mieher v. Brown* (1973), 54 Ill. 2d 539, 301 N.E.2d 307; *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 230 N.E.2d 182.) We apply that rule here and conclude as a matter of law that Norton had no duty to warn plaintiff that a blow such as he received to his face would be likely to knock his spectacles askew. That likelihood was obvious. Because of that obviousness, plaintiff had no reasonable expectation to the contrary. This is the basis of our affirmance of the summary judgment.

Plaintiff relies on other cases which we deem to differ substantially from the instant case. In *Williams v. Brown Manufacturing Co.* (1968), 93 Ill. App. 2d 334, 236 N.E.2d 125, the court held a manufacturer of a trencher had a duty to warn operators of the danger of operating the machinery from a certain position. That danger was not

obvious. Similarly, in *Stanfield v. Medalist Industries, Inc.* (1975), 34 Ill. App. 3d 635, 340 N.E.2d 276, the danger involved in the use of machinery without proper shields was not obvious. The same was true in regard to the use of a caustic grill cleaner in *Hayes v. Kay Chemical Co.* (1985), 135 Ill. App. 3d 932, 482 N.E.2d 611. In *Collins v. Sunnyside Corp.* (1986), 146 Ill. App. 3d 78, 496 N.E.2d 1155, the issue was not whether a duty to warn existed, but the sufficiency of a warning which the defendant was clearly under a duty to give. The sufficiency of the warning was held to be a factual question and a summary judgment for that defendant was reversed.

■ Attached to defendant's motion for summary judgment was a pamphlet stated to have been published by Norton in 1985 in which defendant recommends persons working at "chipping and grinding" tasks wear "protective spectacles equipped with attached sideshields." Plaintiff maintains this is an admission that plaintiff should have been warned he should have been using sideshields here. However, the evidence was undisputed here that plaintiff's spectacles were knocked up onto his forehead and "sideshields" would have been of no help. Thus any failure to warn in this regard could not have been a proximate cause of plaintiff's injuries.

Plaintiff noted in his brief that evidence that the spectacles Norton furnished for plaintiff's use conformed to Federal standards would not preclude a factual determination the spectacles were unreasonably dangerous. We agree. This evidence has no bearing on our decision.

We affirm the summary judgment in favor of Norton for the reasons stated.

Affirmed.

McCULLOUGH, P.J., and LUND, J., concur.