569 So.2d 1302 (1990)
Robert J. LIGHT, Appellant/Cross-Appellee,
v.
WELDARC CO., INC., Appellee/Cross-Appellant.
No. 89-884.
District Court of Appeal of Florida, Fifth District.
October 25, 1990.
Rehearing Denied November 30, 1990.
Harvey B. Hardy of Holbrook & Hardy, P.A., Orlando, for appellant/cross-appellee.
Mitchell J. Frank of Frank and Brightman, Orlando, for appellee/cross-appellant.
GOSHORN, Judge.
Robert Light appeals the summary final judgment in favor of Weldarc Company, Inc. Light sued Weldarc seeking damages for injuries received when a power punch press misfired, severing a sliver of metal which penetrated and blinded Light's left *1303 eye. At the time of the accident Light was allegedly wearing safety glasses purchased from Weldarc.
Light asserts the trial court erroneously entered summary judgment before he completed discovery and further, that there exist material issues of fact as to each of the three counts of his complaint which preclude summary judgment. We find no merit in the first argument because Light did not request a continuance of the summary judgment hearing and cannot now be heard to complain that he did not have time to complete discovery. Leviton v. Philly Steak-Out, Inc., 533 So.2d 905 (Fla. 3d DCA 1988); Steiner v. Ciba-Geigy Corp., 364 So.2d 47 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 461 (Fla. 1979). As to Light's second argument, an examination of the record reflects that questions of fact do remain as to Light's claims for negligent design and strict liability and thus reversal of the summary judgment on those counts is required.

NEGLIGENCE
Count I of the complaint alleges a defect in the design of the safety glasses. Specifically, Light asserts the glasses were "not designed properly to protect eyes of users from the dangers for which safety glasses are used." The theory behind this argument is that had the glasses been equipped with a device to prevent slipping, Light's injury would have been avoided.
In order to impose liability for negligent design on Weldarc, there must be a breach of the duty imposed on Weldarc with respect to foreseeably dangerous consequences:
There is no doubt whatever that the manufacturer is under a duty to use reasonable care to design a product that is reasonably safe for its intended use and for other uses which are foreseeably probable. The question turns on what is reasonable care and what is reasonable safety.
Prosser, The Law of Torts 644-45 (4th ed. 1978). See also Royal v. Black and Decker Manufacturing Company, 205 So.2d 307 (Fla. 3d DCA 1967), cert. denied, 211 So.2d 214 (Fla. 1968). The record is clear that the glasses in question lacked a safety strap or other device to prevent them from slipping in the sweaty environment of the workplace. Whether Weldarc breached its duty of care in designing the glasses without some type of "anti-slip" safety device and whether the glasses, as designed, were reasonably safe for their intended use are questions of fact precluding summary judgment. Summary judgment on these allegations of the negligence count was entered erroneously.
Light also contends Weldarc was negligent in failing to warn him of the danger of wearing these particular safety glasses when working with a punch press. Light submits that Weldarc should have known that the glasses were not of sufficient design to protect the user's eyes from projectiles thrown from the press. The duty to warn is limited to defects or dangers which are known or reasonably foreseeable by the supplier and are unknown or unforeseen by the user. See 72 C.J.S. Supplement "Products Liability" § 26 ("[T]here is no duty to warn where the danger is obvious, as opposed to latent or hidden, is known, or obvious and known, should have been known or is readily cognizable to the user.")[1] It is clear from Light's statements that he was aware the glasses were prone to slipping. The danger of such slipping is obvious  if the glasses do not stay in place as a shield for the eyes, the eyes are unprotected. As a matter of law, we hold Weldarc did not *1304 have a duty to warn Light of the danger of slippage and thus summary judgment on these allegations of Count I was properly entered.

STRICT LIABILITY
Count II of Light's complaint alleges strict liability arising from the sale of safety glasses which were defective and unreasonably dangerous. As previously stated, the glasses lacked a safety device to prevent them from slipping down the wearer's nose.
While the lack of a safety feature may constitute a design defect and subject a seller to strict liability,[2] the focus under this claim is upon the product as sold, not upon the availability of potential safety devices. The issue to be resolved is whether the product, at the time it left the seller's hands, is in a condition not contemplated by the consumer, which condition is unreasonably dangerous to the consumer. See Comment (g), section 402A of the Restatement (2d) of Torts. Comment (i) to section 402A of the Restatement (2d) of Torts provides that a product is unreasonably dangerous if it is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchased it, with the ordinary knowledge common to the community as to its characteristics. The term "unreasonably dangerous" is further defined in Radiation Technology, Inc. v. Ware Construction Company, 445 So.2d 329 (Fla. 1983):
The term "unreasonably dangerous" more accurately depicts liability of a manufacturer or supplier in that it balances the likelihood and gravity of potential injury against the utility of the product, the availability of other, safer products to meet the same need, the obviousness of the danger, public knowledge and expectation of the danger, the adequacy of instructions and warnings on safe use, and the ability to eliminate or minimize the danger without seriously impairing the product or making it unduly expensive.
Id. at 331.
In Fuller v. Fend-All Company, 70 Ill. App.3d 634, 27 Ill.Dec. 1, 388 N.E.2d 964 (Ill. App. 1st Dist. 1979) the absence of side shields on the safety glasses which the plaintiff was wearing when he became blinded was found not to be an unreasonably dangerous condition such as would give rise to strict liability. The plaintiff was wearing the glasses properly, yet sustained an eye injury when a particle flew into his eye from the side. The court held the glasses had the function of protecting against particles thrust directly at the glasses and could not be reasonably expected to protect against side entry. The instant case materially differs from Fuller. The particle that entered Light's eye was apparently thrust directly at Light's eye. Assuming Light was wearing the glasses as he alleged, had the glasses not slipped, Light's eye presumably would not have been damaged. The glasses failed to provide the exact protection for which they were made, unlike the glasses worn by Fuller.
Sub judice, whether the glasses were unreasonably dangerous involves questions of fact which must be determined by the trier of fact. Accordingly, summary judgment on this claim was improper.

BREACH OF WARRANTY
In Count III of his complaint, Light alleges breach of warranty for a particular *1305 purpose. Section 672.315, Florida Statutes (1989) provides for the imposition of the implied warranty:
Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.
Section 672.316(3)(b), Florida Statutes (1989) provides for the exclusion of the implied warranty:
When the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods, there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him; ...
The Weldarc representative came to Light's work site and stated the glasses were the best available and would stop a .22 caliber bullet. Light then purchased the glasses. Clearly, the seller's representation concerned the strength of the glasses if struck by a projectile. However, no allegation was made that the seller represented that the glasses would not slip. As previously noted, Light recognized safety glasses are prone to slip. Light's knowledge regarding the proclivity of safety glasses to slip equals, if not surpasses the seller's knowledge. The element of reliance, required for any implied warranty to arise, is thus missing and no implied warranty existed. Additionally, the alleged defect was obvious upon viewing the glasses at purchase. Light admitted in his deposition that he made a "conscious decision" to buy these particular glasses. Although aware they lacked a headstrap or similar device to prevent their slippage, Light found the glasses satisfactory. Accordingly, the implied warranty of fitness for a particular purpose (assuming it did arise), was excluded by section 672.316(3)(b). See Matthews v. Lawnlite Company, 88 So.2d 299, 301 (Fla. 1956) ("An implied warranty does not protect against hazards apparent to the plaintiff ..."). Summary judgment on this claim was proper.
To summarize, we affirm the trial court's issuance of the summary judgment as to the allegations of negligent failure to warn and breach of implied warranty of fitness, but reverse and remand as to the allegations of negligent design and strict liability. On cross-appeal, Weldarc initially raised as error the failure of the trial court to award attorney fees pursuant to sections 45.061 and 57.041, Florida Statutes. This claim was withdrawn at oral argument and is moot.
AFFIRMED in part; REVERSED in part; REMANDED.
HARRIS, J., and DANIEL, Judge, Retired, concur.
NOTES
[1] See also Schroth v. Norton Company, 185 Ill. App.3d 575, 133 Ill.Dec. 644, 541 N.E.2d 855 (Ill. App. 4th Dist. 1989), appeal denied, 127 Ill.2d 641, 136 Ill.Dec. 607, 545 N.E.2d 131 (Ill. 1989) wherein the worker's safety glasses were struck by exploding fragment, dislodging the glasses and allowing particles to hit the worker's eye. The worker argued the glasses were unreasonably dangerous or defective because of a lack of warning of the limitations of the effectiveness of the glasses. The court concluded as a matter of law that the manufacturer had no duty to warn the plaintiff that a blow such as he received would be likely to knock his spectacles askew as that likelihood was obvious. Because of that obviousness, the worker had no reasonable expectation to the contrary. The court affirmed summary judgment.
[2] See 72 C.J.S. Supplement "Products Liability" § 22:

A product without necessary safety devices may be found defective so as to impose liability on its manufacturer or supplier. Whether couched in terms of negligence or otherwise, a manufacturer has a duty to exercise legal care in safeguarding his products against reasonably foreseeable risks. He is required to adopt those devices, the absence of which render his product unreasonably dangerous. Where it is reasonably anticipated that a product will be employed by the user without installation of a necessary safety device, a manufacturer or supplier of such a product is liable for failure to install such a device. It has further been held that a manufacturer is not relieved of strict liability for failure to install a necessary safety device even though he expected the purchaser to provide this safety device. [Citations omitted].