PER CURIAM.
Of the two issues raised on appeal, we reverse on issue one. The trial court erred in granting Appellee Ottawa’s motion for summary judgment because Appellant’s evidence created a genuine issue of material fact. Mr. Wileoxon, Appellant’s expert witness, stated in his affidavit that there was “significant crash potential on the catwalk” of the tractor, that the catwalk was a “known wor[k] space,” and that “it could be expected and foreseeable that a person might be standing on the catwalk during the operation of the [vehicle].” For example, “it could be expected that someone would have to be on the catwalk while training new drivers ...” because the cab fit only one person. Wileox-on opined that the catwalk should have had a “cage built around it or [a] crash proof post, such as a trailer stop, ... as standard equipment....” Finally, Wileoxon stated that had Ottawa attached either safety device as standard equipment, Appellant’s injuries would have been prevented or lessened. The above evidence, in comparison to Ottawa’s evidence of the tractor’s intended use by only one person, the unforeseeable yet wamed-against use by more than one person, and the optional trailer stop that was not attached to the instant tractor, reveals a genuine issue of material fact concerning foreseeable use and unreasonable danger, thereby prohibiting summary judgment. Kidron, Inc. v. Carmona, 665 So.2d 289, 291 (Fla. 3d DCA 1995); Jackson v. H.L. Bouton Co., 630 So.2d 1173, 1175 (Fla. 1st DCA 1994); Hancock v. Department of Corrections, 585 So.2d 1068 (Fla. 1st DCA 1991), rev. denied, 598 So.2d 75 (Fla.1992); Light v. Weldarc Co., 569 So.2d 1302, 1303 (Fla. 5th DCA 1990). Thus, the trial court erred in granting Ottawa’s motion for summary judgment.
Affirmed in part; reversed and remanded in part.
BOOTH, BENTON and VAN NORTWICK, JJ., concur.