(No. 4195

GRACE RICKELMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 20, 1949.*

J. L. McLAUGHLIN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Grace Rickelman, seeks to recover from respondent the sum of $73.67 for damages to her automobile as a result of her driving it into a subsided portion of State Highway No. 32 at 5:30 P.M. on January 4, 1949, one and one-half miles northwest of Sullivan, Moultrie County, Illinois. She also alleged that there were no warning signs or flares near the hole she drove into.

The evidence discloses that the claimant is the owner of the 1936 Ford sedan and that the car was repaired by the Shasteen Motor Company and that said bill in the amount of $73.67 was paid by claimant. Such charges are reasonable.

The departmental report on file in this case reads in part as follows:

"A short time prior to January 4, 1949, Division of Highways maintenance employees installed a line of 15 inch tile across and under said Route 32. This installation is located north and west of the city of Sullivan, approximately two and one-half miles. To place the tile, which is 9.71 feet below the center of pavement, it was necessary to cut out and remove a strip of concrete pavement five feet wide. This strip extends the full width of pavement, which is eighteen feet.

"After the tile had been laid and connected with a catch basin, the trench was backfilled with the earth previously removed. The backfill was surfaced with gravel and, from time to time, more gravel was added as settlement and compaction took place. When, in the judgment of the field engineer, the filled material had

reached its ultimate settlement, the gap in the pavement was given a four inch premix asphalt wearing surface. The surface of this premix section was laid to the same grade as the adjoining bituminous surfaced concrete pavement.

"Intermittent rains during the two days prior to the accident in question apparently caused a subsidence over the tile. The accident occurred about 5:30 P.M. on Tuesday, January 4, 1949. At approximately 2:30 P.M. on that date an inspection by Division of Highways personnel showed no settlement over the tile or irregularity in the asphalt wearing surface over it. By reason of those findings it was not found necessary to install signs, lights, or barricades as a warning to the travelling public. The night of January 4, 1949, Division maintenance employees were advised of claimant's accident a short time following its occurrence, and proceeded immediately to make necessary repairs. It was found that the maximum settlement did not exceed ten inches in depth."

Claimant and the two occupants of her car at the time of the occurrence after dark all testified and their testimony is in agreement as to the lack of visible warning signs or flares at the place of the accident, and claimant further testified that she frequently traveled on the portion of Highway No. 32 involved, and that two days before the accident she passed over the spot where the subsidence later occurred, and that the road was smooth. She also testified, and was corroborated by other witnesses, that when there was a dangerous condition previously at the place of the accident flares and sometimes barricades were used to warn approaching drivers.

The previous conduct of State highway maintenance personnel indicated an awareness of the possibility of a dangerous condition resulting.

This case discloses the obligation that respondent has assumed in maintaining and repairing the Illinois State Highway system. The 1945 Court of Claims Act in effect recognizes that obligation by removing respondent's sovereign immunity for suit in this type of case. Ill. Rev. Stat. 1947, Chap. 37, Sec. 439.8. That the maintenance of state highways is a governmental function is now immaterial. *Newman* v. *State,* 17 C.C.R. 187; Cf. *Cerri* v. *U. S.,* 80 F. Supp. 831. This Court's inquiry is now directed to the determination of the existence of negligence on the part of respondent proximately resulting in the injury complained of.

Stated differently, in any tort case four elements must necessarily be alleged and proven by claimant. 1) The duty of the respondent to claimant. 2) The violation of such duty. 3) A causal connection between the violation of the duty and the injury complained of, and 4) damages to claimant.

Respondent's duty to maintain State highways in a safe condition or to warn of unsafe conditions is manifest. That such duty was violated in this case is also evident and that there was a causal connection between the violation of the duty and the injury complained has been proven. The damages sustained, although small, are uncontradicted.

Claimant, Grace Rickelman, is therefore entitled to an award, and one is hereby made in her favor in the amount of $73.67.