(No. 5225—

LESTER R. BORUM and EMMCO INSURANCE COMPANY, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 17, 1969.*

BERMAN and NEWMAN, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; MORTON L. ZASLAVSKY, Assistant Attorney General, and JOHN O. TOUHY, Special Assistant Attorney General, for Respondent.

Dove, J.

This cause of action is brought by claimant, Lester R. Borum, seeking recovery for property damage and personal injuries suffered by him in an accident in Northlake, Illinois, at the North Avenue and Lake Street overpass. On May 21, 1964, at approximately 7:00 p.m., Claimant was riding as a passenger in a 1963 Mack tractor-trailer, which was owned by him, and driven by his employee, Buford Carter. Claimant testified that, as the truck in which he was riding as a passenger, which was traveling westbound on North Avenue, approached the Lake Street overpass, he saw a sign, which stated ''Clearance 13' 7'', and that the height of his trailer was 13' 1''''. As the truck was proceeding under the overpass, the trailer struck the top of the bridge, the truck tipped over on claimant's side, and slid forward about 20 feet.

The evidence shows that the actual height of the overpass over a portion of the westbound traffic lane was only 12' 10'', and that respondent had notice of the difference between the warning sign, which indicated an overpass clearance of 13' 7'', and the actual overpass clearance of 12' 10''.

After the truck tipped over, claimant was pulled from the tractor, and was taken by the police to Memorial Hospital where he remained for four days, during which time he suffered severe back pains. He was not able to urinate without medical assistance, and could not eat without vomiting. At the end of the four days claimant was placed in a brace, and allowed to return to his home in Colorado. He was advised to see his doctor immediately.

After returning home, claimant consulted Dr. Parkinson, his family physician, who ordered x-rays, and referred him to Dr. Starks. Claimant was then placed in The Rocky Mountain Hospital, where he remained for six days. Dr. Starks placed claimant in a plaster cast, which extended around his body from his chin to his tailbone. He remained in the cast for two months.

Claimant testified that prior to the accident he had no back trouble; that his general health was good; that since 1952 he had been employed as a tuckpointer; and, that prior to 1952 he worked as a scaffold painter. Claimant testified further that he had been unable to work as a painter or tuckpointer since the accident; that he was unable to lift a scaffold; and that he did make two attempts to work, but had not been employed since the accident.

Claimant's special medical damages amounted to $583.44, and the total damage to the tractor and trailer amounted to $2,173.04, of which $1,923.04 was paid by Emmco Insurance Company.

Dr. Frank D. McGlone and Dr. C. Robert Starks testified in an evidence deposition that as a result of the accident claimant received a compression fracture of the second lumbar vertebra.

Claimant was examined on behalf of respondent by Dr. John Gleason whose report states that there was a compression fracture of the second lumbar vertebra. Dr. Gleason concludes that, in determining whether claimant could return to work, much would depend upon the degree of pain he still has.

Claimant contends that the State of Illinois was negligent in placing a sign indicating clearance of 13' 7"

at a point near the overpass, when in fact the actual clearance was 12′ 10″, and in allowing this condition to exist for some time prior to the accident in question. Claimant also contends that the State of Illinois had knowledge of the hazard at least five weeks prior to the accident in question.

The State of Illinois is not an insurer of every accident that occurs upon its public highways. *Link* vs. *State of Illinois,* 24 C. C. R. 69; *Bloom* vs. *State of Illinois,* 22 C. C. R. 582. The law in the State of Illinois is clear that, in order for a claimant in a tort action to recover against the State, he must prove that the State was negligent, that such negligence was the proximate cause of the injury, and that claimant was in the exercise of due care and caution for his own safety. *Link* vs. *State of Illinois,* 24 C. C. R. 69; *McNary* vs. *State of Illinois,* 22 C. C. R. 328; *Bloom* vs. *State of Illinois,* 22 C. C. R. 582. The State has a duty to exercise ordinary care to maintain its highways in a reasonably safe condition for public travel. *Garrett* vs. *State of Illinois,* 22 C. C. R. 343.

Contrary to respondent's contention, the Court finds from the evidence that there was no indication of contributory negligence on the part of claimant or his employee, who was driving the truck. It is the opinion of this Court that respondent was negligent in the maintenance of the overpass, and in the posting of a warning sign indicating a clearance of 13′ 7″ when in fact the clearance was only 12′ 10″, and that this negligence was the proximate cause of the personal injuries and property damage herein complained of. This Court is further of the opinion that claimant herein had a right to rely upon the warning sign indicating an overpass clearance of 13′ 7″.

It appears from the evidence in this case that claimant has sustained a serious and permanent injury to his back, and that such injury has prevented claimant from being able to work at his customary trade.

For the foregoing reasons the Court finds that claimant, Lester R. Borum, is entitled to an award of $18,-000.00, said award being for medical expenses, loss of earnings, permanent disability and property damage. A further award is made to claimant, Emmco Insurance Company, subrogee of Lester R. Borum, the sum of $1,923.04 for property damage to claimant's trailer.

It is, therefore, ordered that claimant, Lester R. Borum, recover the sum of $18,000.00, and that claimant, Emmco Insurance Company, recover the sum of $1,923.04.