(No. 84-CC-0697—

RAYMOND VELA, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1984.*

WILLIAM R. FORD, for Claimant.

NEIL F. HARTIGAN, Attorney General (ERIN O'CONNELL, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent to dismiss, Claimant's response to Respondent's motion to dismiss, and Respondent's reply to said response.

On October 3, 1982, Claimant filed with the clerk and the Attorney General a document purporting to be a "Notice," a copy of which was attached to Respondent's motion to dismiss as Exhibit A.

Respondent's motion to dismiss sets forth that under section 22—1 of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.22—1) the Claimant in a personal

injury action is required to give notice. The contents of that notice as required by statute must include "the date and about the hour of the accident. . ." Respondent's motion states that Claimant has failed to comply with these requirements as required by the statute.

Respondent's motion further sets forth that section 22—2 of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.22—2) states that:

"if the notice provided for by Section 22—1 is not filed as provided in that section, any such action. . .shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further action in the Court of Claims for such personal injury."

Claimant, in its answer to the motion to dismiss, sets forth that there was another personal injury action arising out of the same accident, that another individual filed suit in the Court of Claims, and proper notice having been given in that case, the State of Illinois had actual notice of the accident complained of.

It is the Court's opinion that a proper notice by another party entirely separate and distinct from the present cause of action did not relieve Claimant of filing a notice as required by the statute above set forth. To hold otherwise, the Court would impose upon Respondent in every personal injury case the burden of checking every personal injury case pending against Respondent to see whether proper notice had been filed in another case arising out of the same accident.

It is the Court's opinion that the statutory notice required was enacted to expedite the hearing of matters of this kind and not to impose any additional burdens upon Respondent.

Motion to dismiss is granted and this cause is dismissed.