MORRELL PIERCE, a Minor by his Mother and Next Friend, Bertha Pierce, Plaintiff-Appellant, v. HOBART CORPORATION, incorrectly sued as Hobart Manufacturing Company, Defendant-Appellee.—MORRELL PIERCE, a Minor by his Mother and Next Friend, Bertha Pierce, Plaintiff, v. JOHN GATTUSO, d/b/a Tony & Frank's Restaurant, Defendant and Third–Party Plaintiff-Appellant (Hobart Corporation, Third–Party Defendant-Appellee).

First District (4th Division) Nos. 85—3067, 86—0992 cons.

Opinion filed July 23, 1987.—Rehearing denied September 2, 1987.

Sidney Z. Karasik, of Chicago (Frank J. Mackey, Jr., of counsel), for appellant Morrell Pierce.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (William J. Hacker and Anne V. Swanson, of counsel), for appellant John Gattuso.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Dan L. Boho, Daniel W. McGrath, and Lynn D. Dowd, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

On behalf of the minor plaintiff, Morrell Pierce, an action was brought against Hobart Corporation (sued as Hobart Manufacturing Company) on a theory of strict product liability to recover for permanent injuries that he suffered when his hand was caught in a food grinding machine manufactured by Hobart. In a separate suit sounding in negligence, Pierce sued John Gattuso, d/b/a Tony & Frank's Restaurant (Tony & Frank's), the owner of the restaurant in which Pierce was injured while operating the food grinder. Tony & Frank's filed a third-party complaint against Hobart seeking contribution.

Hobart successfully moved for summary judgment in both lawsuits, on the ground that Hobart could not "reasonably foresee" that a 10-year-old child would operate the commercial food grinding machine and that Hobart could not therefore be held liable for the child's injuries. Both Pierce and Tony & Frank's brought timely appeals, which have been consolidated in this court.

Central to both appeals is the question of whether there is a genuine issue of material fact concerning the foreseeability of Pierce's injury from operation of the food grinder. Pierce contends that summary judgment was inappropriate because of the following disputed factual matters: (1) it was reasonably foreseeable that a 10-year-old could have access to and use of the commercial grinding machine, particularly in light of Hobart's patent application of 1923, which recognized that hands of minors had been injured in the use of food grinding machines similar to Hobart's; (2) Hobart could reasonably have foreseen that any person, child or adult, whose hands were of a certain size could be injured while using the machine because the intake aperture was large enough to permit entry by small hands; and (3) Hobart's machine was unreasonably dangerous in its design and lack of safety guards.

For the reasons that follow, we reverse the motion court's orders granting summary judgment in favor of Hobart and remand both causes for trial.

BACKGROUND

According to the deposition testimony of Pierce and one of Tony

& Frank's employees, Rey Poindexter, Pierce and his brother often performed odd jobs and errands for the restaurant after school. In return, they were paid in cash or food.

On October 29, 1981, Poindexter asked Pierce to help him grind cheese for pizzas. He took him to a work area in the basement to demonstrate how to operate the commercial meat grinder. Although the grinder was equipped with a metal stomper, Poindexter did not use the stomper or mention its use to Pierce. Instead, he put the cheese into the grinder with his hand. Poindexter then left the area to answer the telephone, admonishing Pierce to be careful. He left the machine on.

Pierce, then 10 years old, had never operated a meat grinding machine. He placed a piece of cheese into the grinder and pressed it down with the palm of his hand. The second time that Pierce put cheese into the machine it "jumped" and his fingers were caught inside. He lost part of his thumb and part or all of each finger of his right hand except for the small finger.

Hobart moved for summary judgment in Pierce's lawsuit as well as in the contribution lawsuit that Tony & Frank's had filed. In both cases, Hobart argued that as a manufacturer of commercial food processing equipment it could not reasonably foresee the use of its product by a 10-year-old child in a commercial restaurant. It also argued that Pierce encountered a known danger by placing his hand into the blades of the grinder.

At the hearing Pierce tendered to the court a two-page report on the machine in question, prepared by Marvin A. Salzenstein, a professional engineer. His report asserted that the Hobart grinder violated certain safety standards and noted certain physical characteristics of the grinder that made it possible for children's hands and even small adults' hands to fit through the opening. Pierce also submitted a 1923 patent application prepared by Hobart concerning a meat grinder. The application acknowledged that many injuries had occurred to operators of meat grinders and that some children had lost hands in the machine. This patent application was not admitted into evidence at the hearing, although a certified copy of the application was later admitted upon Pierce's motion to reconsider.

The court granted Hobart's motion for summary judgment against Pierce, finding that "it is not foreseeable that a ten-year-old child would be operating a grinding machine such as the grinding machine involved."

During the hearing on Pierce's motion for reconsideration Pierce's attorney tendered an affidavit of David P. Litchtenstein, M.D. The af-

fidavit, which the court struck on Hobart's motion, offered the doctor's opinion that "it is reasonably common for a 10-year-old male to have a hand size similar or greater than the hand size of a 16-year-old male and/or female child." The court denied Pierce's motion to reconsider.

Hobart also moved for summary judgment against Tony & Frank's in the contribution action. Essentially the same product liability issue and same evidence was considered, with the same result.

Both Pierce and Tony & Frank's filed timely notices of appeal.

OPINION

■ ■ To prove an action in strict tort liability, the plaintiff must establish the following elements: (1) plaintiff's injury resulted from a condition of the product; (2) the condition of the product was unreasonably dangerous; (3) the condition existed when it left the seller's control; and (4) the condition was the proximate cause of the plaintiff's injury. (*Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182.) An unreasonably dangerous condition is one which is unsafe with respect to a foreseeable use, or one which is "objectively reasonable" to expect, a determination generally left to the jury. *Winnett v. Winnett* (1974), 57 Ill. 2d 7, 310 N.E.2d 1.

In the pending case, the trial court held that Pierce's use of the commercial meat grinder was not reasonably foreseeable by Hobart as a matter of law; accordingly, the product was not unreasonably dangerous. Hobart argued, and the court found persuasive, that commercial food grinders are not intended to be operated by children rather than adults. According to Hobart, the effect of allowing Pierce and Tony & Frank's to maintain their suits against it would be to require that commercial machinery be "childproofed."

Pierce and Tony & Frank's, on the other hand, assert that the key consideration regarding foreseeability is not Pierce's age but rather his physical characteristics and those of the machine. There was evidence offered to the effect that the opening of the meat grinder was slightly greater than 2½ inches in diameter and thereby exceeded certain recommended safety standards of Underwriters' Laboratories, Inc.; that the hands of 10-year-old children could be the same size as those of some females and adult males; and that a 1923 patent application for a meat grinder indicated Hobart's awareness of the potential danger to users of grinders. The application noted that "many injuries" had occurred to operators of meat grinders and that it was "not an uncommon occurrence in stores, restaurants, *** for operators to have one or more fingers cut off during operation through ac-

cidentally getting the fingers into the worm as the meat is being fed into the device for grinding. And a number of very deplorable accidents have happened in which children, whose hands are naturally small, have lost a whole hand ***."

■ The sole question that we must resolve on this appeal is whether or not the foreseeability question poses a *bona fide* issue of material fact sufficient to survive the motion for summary judgment. All pleadings, depositions, and affidavits must be construed most strictly against the moving party and it is only when the undisputed facts are susceptible of but one inference that the issue becomes one of law. *Stanfield v. Medalist Industries, Inc.* (1975), 34 Ill. App. 3d 635, 340 N.E.2d 276.

In *Stanfield,* the appellate court reversed a summary judgment that was entered in favor of a manufacturer of a boring and cutting machine. The plaintiff lost three fingers while operating the machine. Defendant contended that the machine was not unreasonably dangerous and that the injury was not reasonably foreseeable because the plaintiff, who was not adequately qualified to operate the machine, was not "within the community for which the machine was intended to be used." (34 Ill. App. 3d 635, 639, 340 N.E.2d 276, 279.) The court rejected the contention that the operator's lack of experience or supervision operated as a total bar to liability on the foreseeability issue, holding that the question of whether the machine was unreasonably dangerous and whether the injuries were proximately caused by an unreasonably dangerous condition of the machine was one for a jury to decide.

In *Winnett v. Winnett* (1974), 57 Ill. 2d 7, 310 N.E.2d 1, a four-year-old child was injured when she put her fingers in the small holes of a conveyor belt on a forage wagon. The Illinois Supreme Court held that the child was neither a user nor a consumer of the product as those terms are used in products liability law and that her injury on the machine did not render it unreasonably dangerous because she was not "objectively foreseeable" as a user. The court ruled that "liability of a manufacturer properly encompasses only those individuals to whom injury from a defective product may reasonably be foreseen and only those situations where the product is being used for the purpose for which it was intended or for which it is reasonably foreseeable that it may be used." 57 Ill. 2d 7, 11, 310 N.E.2d 1, 4.

In *Richelman v. Kewanee Machinery & Conveyor Co.* (1978), 59 Ill. App. 3d 578, 375 N.E.2d 885, a child of fewer than three years entangled his foot and leg in a grain auger. Affirming a verdict for the plaintiff, the appellate court ruled that in determining whether

the injury to the child was "objectively foreseeable," the issue was whether any person with a similar shoe size, whether adult or minor, could sustain a similar injury. Testimony adduced at trial included that of the designer of the safety guards, who used his own shoe width to determine the spacing of gaps between the guards. The court reasoned that any one with a shoe width of less than $4^5/8$ inches could have tripped near the auger, commenting, "The fact that the individual injured is a child should not preclude recovery where an adult, albeit one with a narrower foot than that of the design engineer, could likewise have sustained injury." 59 Ill. App. 3d 578, 582-83, 375 N.E.2d 885, 888.

None of the above three cases found the plaintiff's age to be determinative of the foreseeability issue. In *Winnett* and *Richelman*, rather, the courts looked to the physical characteristics of the plaintiffs and the physical characteristics of the machine in question. In *Stanfield,* the age of the plaintiff had no apparent relevance, although her lack of training and supervision may have. Since the court was only faced with the propriety of the entry of summary judgment, the significance of her lack of training and supervision was properly left to be ascertained at trial.

In the instant case, Hobart conceded at oral argument that Pierce's age is not the controlling factor. Nevertheless, Hobart argues that it did not design the machine for use by a 10-year-old child and that this plaintiff lacked the necessary maturity to operate the machine according to its intended use.

One of the cases that Hobart relies on is *Yassin v. Certified Grocers of Illinois, Inc.* (1986), 150 Ill. App. 3d 1052, 502 N.E.2d 315. In that case a three-year-old girl was injured when she put her hand in a commercial meat tenderizer. The machine was located in a separate work area in the rear of a grocery store, but the door to the area had been left open and the machine left running. The child had wandered away from her mother and subsequently entangled her hand in the meat tenderizer. The appellate court affirmed the jury's verdict in favor of the defendant, which found the meat tenderizer not to be unreasonably dangerous. The court cited the *Winnett* test of "objective reasonableness" and concluded that the machine was not intended for home use and that small children would not be expected to use the machine.

We find *Yassin* to be distinguishable on at least two counts. First, the jury determined foreseeability as a matter of fact. The court did not enter judgment against plaintiff as a matter of law, as in the present case. Second, the toddler was not attempting to operate the

machine but simply approached it out of curiosity and apparently was able to get close enough to injure herself. In contrast, Pierce *was* operating the machine as he had been shown and for the purpose intended: to grind food. He was not a toddler who stumbled into trouble because he was left unattended.

Other cases are consistent with the rationale that a very small child may not be a foreseeable user or may be injured, not because of an unreasonably dangerous condition, but because of misuse of the product. For example, in *Schierer v. Ameritex Division, United Merchants & Manufacturers, Inc. (and Sears Roebuck & Co.)* (1980), 81 Ill. App. 3d 90, 400 N.E.2d 1072, a three-year-old wearing a floor-length nightgown pulled up a chair to a gas stove and was injured when her highly flammable gown ignited. The court affirmed summary judgment in favor of the defendant, noting that there was no evidence of any type, including expert opinion, that the stove was unreasonably dangerous simply because it had knobs that could turn easily. The court further concluded that it was not foreseeable that a three-year-old wearing a flammable gown would climb on top of the stove. Hence, there was no indication of potential harm to one who might reasonably be foreseen to use the stove.

In contrast, in the pending case Pierce and Tony & Frank's both presented evidence of foreseeable harm to all persons with small enough hands to fit through the 2½-inch diameter aperture of the meat grinder.

In *Wenzell v. MTD Products, Inc.* (1975), 32 Ill. App. 3d 279, 336 N.E.2d 125, a four-year-old child was injured by a riding lawn mower operated by a seven-year-old who was driving the mower in reverse at the time of the occurrence. The court held that it was not reasonably foreseeable that the owner or user of the lawn mower would permit a seven-year-old to operate the machine in the presence of other small children and use it "virtually as a toy." (32 Ill. App. 3d 279, 291, 336 N.E.2d 125, 134.) Therefore, the court affirmed the jury's verdict in favor of the manufacturer.

In *Richelman* the court analyzed the rationale of *Winnett* and *Wenzell* and stated, "In our opinion, these cases indicate nothing more than a reluctance by the judiciary to hold a manufacturer liable when children are allowed to play with dangerous objects." *Richelman v. Kewanee Machinery & Conveyor Co.* (1978), 59 Ill. App. 3d 578, 582, 375 N.E.2d 885, 888.

■ To reiterate: Pierce was operating the machine to grind food. He was not playing with the machine, nor did he just happen upon it and decide to stick his fingers inside. There is some indication, more-

over, that the cutting element or "worm" is not visible from the aperture, and, while Pierce admitted knowing that he could be injured by the machine, he was simply feeding in the cheese in the manner that Poindexter had done, by hand. We believe that the jury should hear all relevant evidence to determine the foreseeability issue. To aid in that determination, proper evidence regarding hand size is relevant. We need not reach any other evidentiary matters at this point, since it will be up to the trial court to consider and admit or exclude the evidence presented at trial.

For the foregoing reasons, we reverse both orders appealed from, which granted summary judgment in favor of Hobart, and remand this cause for further proceedings.

Reversed and remanded.

McMORROW, P.J., and JIGANTI, J., concur.