(No. 85-CC-2294–)

TAMMY SANTILLI, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Order on motion to dismiss filed November 30, 1989.*

F. JAMES FOLEY, JR., for Claimant.

NEIL F. HARTIGAN, Attorney General (ARLA ROSENTHAL, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This cause coming on to be heard on the motion of Respondent to dismiss the claim herein, due notice

having been given the parties hereto and the Court being fully advised in the premises, the court finds:

The Claimant has filed a complaint seeking damages for personal injuries she sustained in an automobile accident which occurred on the southbound lanes of Cicero Avenue under the Edens Expressway overpass in the City of Chicago, County of Cook, State of Illinois. Claimant has alleged in her complaint that the Respondent owed Claimant the duty to exercise reasonable care and caution in the operation, management, maintenance and ownership of said Cicero Avenue and its approaches and appurtenances.

Claimant further alleged in her complaint that the Respondent was guilty of one or more of the following acts of negligence.

(a) allowed potholes to form and remain;

(b) allowed ice and snow to accumulate in said potholes unnaturally; and

(c) failed to properly maintain and clean said street.

Section 790.60 of the rules of the Court of Claims (74 Ill. Adm. Code 790.60) and section 25 of the Court of Claims Act (Ill. Rev. Stat. 1987, ch. 37, par. 439.24—5) require that any person who files a claim before the Court of Claims shall, before seeking final determination of his claim by this Court, exhaust all other remedies and sources of recovery whether administrative, legal or equitable.

It is incumbent upon Claimant, Tammy Santilli, to exhaust such remedies and sources of recovery before seeking final determination of her claim by the Court of Claims. In this case, Claimant should pursue any remedy

or recovery from the city of Chicago since it had contractual responsibility with the State of Illinois to perform snow removal operations including, but not limited to, plowing and or salting on the portion of Cicero Avenue which passes beneath the viaduct of Edens Expressway.

Claimant attempted to pursue her remedy against the city of Chicago by filing a lawsuit in the circuit court of Cook County entitled *Santilli v. City of Chicago* (No. 84-L-17965). The city of Chicago admitted in its responses to request to admit that it had snow and ice removal responsibilities for Cicero Avenue at the site of the accident. However, on December 9, 1988, Claimant voluntarily dismissed the claim against the city of Chicago.

The court in *Lyons v. State* (1981), 34 Ill. Ct. Cl. 268, granted Respondent's motion to dismiss for failure to exhaust remedies, stating that:

"the requirement that Claimant exhaust all available remedies prior to seeking a determination in this Court is clear and definite in its terms ° ° °" (Lyons, 271.)

The Court further held that if it were to waive this requirement,

"the requirement would be transformed into an option, to be accepted or ignored according to the whim of all claimants ° ° ° we believe that the language of Section 25 of the Court of Claims Act (cite omitted) and Rule 6 of the Rules of the Court of Claims quite clearly makes the exhaustion of remedies mandatory rather than optional ° ° °." (*Lyons*, 272.)

Claimant's voluntary dismissal of her action against the city of Chicago is not a final disposition of a remedy since the dismissal was Claimant's option rather than a final determination of the issues by the Court. It should not be the concern of either Respondent or this Court that Claimant, Tammy Santilli, has chosen to disregard the requirements of section 790.60 of the rules of this

Court and section 25 of the Court of Claims Act (Ill. Rev. Stat. 1987, ch. 37, par. 439.24—5) by voluntarily dismissing her claim and it thus remains incumbent on said Claimant to exhaust all remedies or sources of recovery before seeking final determination of her claim by this Court.

Section 790.90 of the rules of the Court of Claims (74 Ill. Adm. Code 790.90, entitled "Dismissal") mandates that "Failure to comply with the provision of section * * * 790.60 (Rule 6 of the rules of the Court of Claims) * * * shall be grounds for dismissal."

It is therefore ordered that the Respondent's motion be, and the same is hereby granted, and the claim herein is dismissed with prejudice.