(No. 80-CC-1427–)

RICKY SMITH, CAROL SMITH, QUINTESSA SMITH, CATHY RICHMOND and WAYNE RICHMOND, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1990.*

CHARLES ARON, for Claimants.

NEIL F. HARTIGAN, Attorney General (ARLA ROSENTHAL, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This claim arises out of an accident which occurred on February 23, 1979. The Claimant driver, Carol Smith, was proceeding eastbound on Interstate 55, an elevated interstate highway in Chicago, Illinois. The Respondent, the Illinois Department of Transportation, was responsible for the maintenance of the aforesaid highway. On or about 1700 West, the Claimant struck ice in the road, lost control of her automobile, and exited the elevated highway. Her automobile struck a snow ramp which had been caused by the continued plowing of snow and dumping it on the elevated highway. Pictures produced at trial showed clearly that the snow, having been piled in the manner above indicated, had partially melted and truly produced an inclined ramp from the driving

surface of the highway leading up to the top of the retaining wall.

The evidence clearly established that the Claimant's automobile struck this ramp, then went up the ramp and over the top of the retaining wall. It then fell approximately 60 feet, landing upside down in an automobile salvage yard. Passengers in the automobile included the Claimant's children, Ricky Smith and Quintessa Smith. In addition, there was a Cathy Richmond and her son, Wayne Richmond, in the automobile. Injuries, as might be surmised, were extensive.

After filing the case on February 20, 1980, discovery commenced and continued through July 1982. Thereupon, the case was set for hearing several times. A hearing was finally held before a Commissioner of this Court on September 7, 1983. Claimants filed briefs on January 17, 1984, and February 6, 1984. Respondent filed a brief on March 25, 1985. Respondent then filed a motion to continue generally on May 13, 1985. Interestingly, in the aforesaid motion to continue generally, the reason for the requested general continuance was a lawsuit filed against the Claimant driver, Carol Smith, by Claimants Cathy and Wayne Richmond, then pending in the circuit court of Cook County. According to the rules of the Court of Claims, the case was therefore put on the general continuance docket. On September 24, 1987, a notice of hearing on this claim was again filed. Several other items of correspondence were transmitted between the parties, and the Commissioner's opinion and recommendation was finally rendered on April 10, 1989. Oral argument was then had before the entire Court on July 18, 1989.

Much was made of the extreme weather conditions of the winter of 1978-1979. It is clear that it was an

extraordinarily bad winter in Cook County, and it required great measures by the Department of Transportation, as well as other city, county, and local highway departments.

In its brief, the Respondent has attempted to defend this case by raising several issues. The first issue raised is whether or not the State had notice, either actual or constructive. As the Claimants pointed out in their brief and in the record, for a period of a few weeks immediately prior to the accident involving the Claimants, approximately eight vehicles exited the stretch of elevated highway close to the site of this accident, resulting in at least one death. These accidents were reported prominently in the press, and police reports were immediately made regarding these accidents. Despite this, the Respondent has urged this Court to find that they had no actual or constructive notice of the conditions leading up to this accident.

A very similar lawsuit was decided by this Court regarding an accident which took place on the same highway, during the same winter. That was the case of *Mavraganis v. State*, (1984), 36 Ill. Ct. Cl. 153. The final opinion was filed May 9, 1984. From that case, it was evident that the State did not raise the notice issue. In any event, after careful consideration of the record, it is clear to this Court that the Respondent had actual and constructive notice of the conditions of the highway in question.

Although this Court has repeatedly held that the State Highway Department is not the insurer of highway conditions, it is also clear that the State has a duty to keep the highways reasonably safe. (See *Borum & Emmco Insurance Co. v. State* (1969), 26 Ill. Ct. Cl. 328.) In addition, the State has a duty to warn traffic of the

existence of unsafe conditions. *Rickelman v. State*
(1949), 19 Ill. Ct. Cl. 54.

While it may have been very difficult for the State
to correct the conditions present at the time of this
accident, it would not have been difficult, nor would it
have been impossible, for the State to obtain the
equipment necessary to warn individuals about the
highway's condition. In addition, the State admitted in
its own brief and argument that the design of the
highway contributed in large part to the construction of
the ice ramp in question. Therefore, we find that the
State did have a duty to warn traffic of the existence of
the ice ramp and the consequences of striking the ice
ramp. For the purposes of this case, we also find that this
duty applied to the road, as well as to the shoulder of the
road. (See *Berry v. State* (1968), 26 Ill. Ct. Cl. 377.) In
addition, while maintaining and designing the roads in
the State of Illinois, the Respondent has a duty to
exercise reasonable care so as not to create additional
hazards. (See *Bleau v. State* (1972), 28 Ill. Ct. Cl. 39.) It
is clear to this Court that in the present case, the plowing
of snow ultimately resulted in an extremely hazardous
ice ramp condition.

As to the Claimants Richmond, it is also clear that
they did pursue the remedy against the driver Smith in
circuit court, despite claims made to the contrary in the
Respondent's brief. The claims in the Respondent's brief
are made more interesting by the fact that, as previously
expressed in this opinion, this case was placed on the
general continuance docket as a result of the lawsuit
against driver Smith by Claimant Richmond. Therefore,
the Respondent must have been aware at some point
that the Cook County lawsuit was proceeding. In any
event, this case was ultimately settled and not tried.

However, as this Court held in *Dellorto v. State* (1979), 32 Ill. Ct. Cl. 435, settling a claim in another court, rather than pursuing the case to trial, does not violate the requirement that the Claimant exhaust all other remedies before coming to the Court of Claims.

If this case were to be tried under a contributory fault standard, it would be clear that the driver was barred from recovery because of contributory negligence. However, this contributory negligence could not and would not be imputed to the passengers. In addition, after the accident in question, comparative fault became the rule in Illinois. Since the trial was held after the effective date of comparative negligence in Illinois, we will apply that method to this case.

The final interesting issue raised by the Respondent is that of proximate cause. The Respondent would have us believe that if the State's negligence was not the sole proximate cause, then recovery is prohibited. We would urge consideration of Illinois Pattern Jury Instructions, Civil, No. 50.01. That jury instruction reads as follows:

"When I use the expression "proximate cause", I mean [that] [a] [any] cause which, in natural or probable sequence, produced the injury complained of. [It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.]"

It is obvious by referring to the Illinois Pattern Jury Instructions and the comments and note therein, that proximate cause of the State need not be the only cause. It is clear that the actions and omissions to act of the State in the present case, combined with actions of Claimant Carol Smith, caused the injury to the parties herein.

Therefore, for the reasons stated, we find liability on the part of the Respondent and in favor of the Claimants.

Damages are significant. Quintessa Smith and Wayne Richmond were the least seriously injured of the Claimants. However, Quintessa Smith, a very young child, clearly suffered a cerebral concussion and a fractured right clavicle. We award Claimant Quintessa Smith the sum of twenty thousand dollars ($20,000.00).

Claimant Wayne Richmond suffered a fractured right forearm and a concussion. We award him twenty thousand dollars ($20,000.00).

Claimant Ricky Smith was severely injured. He suffered a fractured skull, upper arm and thigh. The Court is convinced he had significant emotional suffering. He suffered hair loss, developed problems at school, and required psychological treatment. Pain and suffering had to be severe. We award Ricky Smith the sum of one hundred thousand dollars ($100,000.00).

Claimant Cathy Richmond suffered a pelvic fracture and separation of the clavicle, stayed in the hospital 2½ weeks, and had a substantial period of disability. Pain and suffering and discomfort were significant. We award Cathy Richmond the sum of fifty thousand dollars ($50,000.00).

Claimant Carol Smith, the driver of the automobile, is a more difficult situation. Carol Smith received a fractured femur, lacerations requiring stitches, and soft tissue injuries. She was placed in traction requiring drilling, and an internal attachment to her knee. Surgery was ultimately performed, and a pin was then implanted in her leg. The possibility of future developments as a result of this injury are significant. Mrs. Smith's hospital bills were in excess of fifteen thousand dollars ($15,000.00), and she was forced to be away from her family and normal duties for a significant period of time.

However, Carol Smith also must face the consequences that she was partially at fault for this accident. As a result, we award Carol Smith the sum of one hundred thousand dollars ($100,000.00), find her to be 40% negligent, and reduce her award to sixty thousand dollars ($60,000.00).

The Respondent has urged us to set off any awards by the amount of medical bills paid in this case. He urges us to do this on the basis of the collateral source rule used in *National Bank of Bloomington v. State* (1980), 34 Ill. Ct. Cl. 23. This Court has recently changed its stand regarding a collateral source. (See *Sallee v. State* (1990), No. 81-CC-2348, 42 Ill. Ct. Cl. _____.) However, it appears uncontradicted in this case that the medical bills in question were paid by the Illinois Department of Public Aid. Medical bills paid by the Respondent clearly should be deducted from the amount of any award given to the Plaintiffs.

Therefore, we reduce the award of Claimant Carol Smith by the sum of fifteen thousand three hundred eighty seven dollars and eighty cents ($15,387.80), Claimant Ricky Smith by the sum of eleven thousand nine hundred seventy eight dollars and fifty cents ($11,978.50), Claimant Quintessa Smith by the sum of one thousand five hundred eighty two dollars and seventy five cents ($1,582.75), Claimant Cathy Richmond by the sum of four thousand three hundred eighty dollars and ten cents ($4,380.10), and Claimant Wayne Richmond by the sum of one thousand six hundred fifty seven dollars and seventy five cents ($1,657.75).

In addition, any award to Claimant Cathy Richmond and/or Claimant Wayne Richmond must be reduced by the amount that they recovered in their earlier civil lawsuit against Carol Smith. Wayne Rich-

mond settled his case for seven thousand four hundred dollars ($7,400.00), and Cathy Richmond settled her case for thirty two thousand six hundred dollars ($32,600.00). Therefore, we reduce the award of fifty thousand dollars ($50,000.00) given to Claimant Cathy Richmond by the sum of thirty two thousand six hundred dollars ($32,600.00). In addition, we reduce the award given to Claimant Wayne Richmond by the sum of seven thousand four hundred dollars ($7,400.00).

To the extent that the opinion issued in *Mavraganis* is inconsistent with this opinion, we overrule it.

For the foregoing reasons, we award the Claimants the following sums:

To Claimant Quintessa Smith, we award the sum of eighteen thousand four hundred seventeen dollars and twenty five cents ($18,417.25);

To Claimant Wayne Richmond, we award the sum of ten thousand nine hundred forty two dollars and twenty five cents ($10,942.25);

To Claimant Ricky Smith, we award the sum of eighty eight thousand twenty one dollars and fifty cents ($88,021.50);

To Claimant Cathy Richmond, we award the sum of thirteen thousand nineteen dollars and ninety cents ($13,019.90); and

To Claimant Carol Smith, we award the sum of forty four thousand six hundred twelve dollars and twenty cents ($44,612.20).