(Nos. 81-CC-0548, 87-CC-3553 cons.—

DANIEL HINES *et al.*, and ROBERT OSBORNE, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 14, 1998.*

*Order on petitions for rehearing filed March 25, 1999.*

THOMAS & WEINTRAUB (MELISSA M. MCGRATH, of counsel), BECKETT & WEBBER (J. STEVEN BECKETT, of counsel), and JOHNSON, FRANK, FREDERICK & WALSH (JEFFREY D. FREDERICK, of counsel), for Claimants.

JIM RYAN, Attorney General (DARIN L. RASMUSSEN, Assistant Attorney General, of counsel), and HARTMANN & FINKE (JEFFREY FINKE, of counsel), for Respondent.

1

OPINION

JANN, J.

These claims arise out of events occurring on November 29, 1979, at which time the Claimants were convicted felons in the custody of the Illinois Department of Corrections. The Claimants and other prisoners were being transported, by bus, from one Department of Corrections facility to another.

The bus in question was stopped within the confines of the Vandalia Correctional Center when said bus caught on fire. The inmates were shackled to a chain inside the bus in question, and despite efforts of rescue by Department of Corrections personnel, the fire resulted in the death of one inmate and various injuries to the Claimants herein.

The complaint against the State of Illinois alleges, in substance, that:

1. All windows on the bus in the area occupied by the Claimants were sealed and barred.

2. All emergency exits, including the roof escape hatches, were sealed and unusable.

3. A chain link partition with a locked gate separated the committed persons from the area at the front of the bus occupied by the guards.

4. Each inmate was handcuffed to a chain running between the seats and the inmates were at all times chained and cuffed and restricted to their seats.

5. At no time were the inmates advised, briefed or drilled with respect to emergency evacuation procedures.

6. Supervisory personnel failed to promulgate adequate fire prevention measures for the bus.

7. The supervisors failed to establish adequate emergency evacuation procedures in the event of a fire.

8. The Department of Corrections used a bus of unsafe design or manufacture, which was negligently modified or maintained for transporting the Claimants.

9. The supervisors failed to have adequately trained personnel aboard the bus.

10. The guards failed to inspect the bus for fire hazards before using it to transport inmates.

11. The guards failed to advise, brief or drill the Claimants as to emergency evacuation procedures.

12. The guards failed to unwind the chain to which certain of the Claimants were cuffed and a mentally disturbed inmate had wound said chain around a bus seat prior to the fire. The guards knew or should have known that the chain in that condition would inhibit any attempt at evacuation from the bus.

Claimants allege that the proximate cause of their injuries is attributed to the above acts or omissions by Respondent.

This cause has had a tortured and long history in federal and state courts as well as the Court of Claims.

The parties agreed to waive hearing and stipulated to the records generated in the federal and state court claims. Both parties filed briefs.

A hearing was held on Respondent's motion to dismiss for failure to exhaust remedies on April 21, 1990. Claimants asserted that the State was estopped from raising the exhaustion defense since it had agreed to waive its statute of limitations defense as a condition to dismissal of the federal action. Claimants interpreted that the statute of limitations defense included all procedural defenses. Our order on the motion to dismiss reserved judgment on this factual issue for trial. Oral argument was requested and held on November 1, 1994, at which time the exhaustion issue was again raised.

A review of the record, affidavits and arguments indicates the following facts:

1. Claimants filed suit against both the manufacturer and modifier of the bus in question. Both suits, involving 21 Claimants and five law firms representing the Claimants, were voluntarily dismissed after "extensive discovery, investigation and consultation with expert witnesses" per Claimants' attorneys' statements. Claimants assert pursuing said claims would have subjected them to sanctions for filing frivolous suits under state and federal rules.

Claimants argue that under the doctrine of strict liability there is no requirement of privity of contract between a manufacturer or seller of the product and the person injured. However, there is a requirement that the product must be, in the case of a suit against a manufacturer, unreasonably dangerous when it leaves the control of the manufacturer. Further, it must be in the same condition as it was when it left the control of the manufacturer when the injury occurs. *Pierce v. Hobart Corp.* (1st

Dist. 1987), 159 Ill. App. 3d 31, 512 N.E.2d 14, 111 Ill. Dec. 110; Ill. Pattern Instructions 400.02; Restatement of Torts, sec. 402.A.

Here, the bus was manufactured by Prevost in Canada but modified by Blitz Corporation in Illinois to State specifications which included sealing off all exits, adding a chain link fence between the driver and passengers and adding bars to all windows. The bus was in a materially changed condition from when it left the control of the manufacturer which gave the manufacturer an absolute defense against Claimants in strict liability. The affidavit of W. Loren Thomson, attorney for Claimants, at paragraph five, indicates that he believed there would be jurisdictional problems and problems in collecting any potential judgments from Prevost and that pursuing the litigation would have engendered significant expenses for expert witnesses and/or trial in Canada. Mr. Thomson opined that to proceed with such a claim would not be economical and could result in the aforementioned sanctions. Mr. Thomson also argues that as the bus was modified by Blitz allegedly to the State's design specifications, the Claimants' case would surely fail against Blitz. It is unclear to the court that this contention is supported by fact and law.

2. The State's prison officials (the individual defendants) were found liable in a federal District Court jury trial based upon deprivation of civil rights.

That decision was reversed on appeal and remanded. The Appeals Court found that the trial judge had erred in dismissing the pendant negligence claim. The statute of limitations had run on the pendant negligence claim. The Appeals Court directed the District Court judge to retain the pendant negligence claim unless the defendants agreed to waive their statute of limitations defense in

state court. The State subsequently waived its statute of limitations defense against the individual defendants and the District Court case was dismissed by agreement.

3. The State argues Claimants were then obliged to file suit in circuit court against the individual State Respondents to exhaust remedies. We agree with the State that the waiver of the statute of limitations was not a waiver of all procedural defenses as argued by Claimants. However, it is also clear that the true party in interest was the State and that filing suit against the individuals previously named in the federal suit in Circuit Court would have led to dismissal for lack of jurisdiction. The State's petition for *certiorari* filed with the United States Supreme Court in the 7th Circuit case acknowledges that "lawsuits on the identical claims against the same officials may not be brought in Illinois state courts of general jurisdiction." The petition also stated that the prisoners could sue the State in the Illinois Court of Claims. Therefore, the State's arguments that Claimants should have filed in Circuit Court are, at best, disingenuous.

4. Respondents also argued that Claimants should have sued the unidentified inmate(s) who the State claims started the fire. The State's allegation is based upon the findings of the State Fire Marshall. The Fire Marshall determined the fire was caused by inmates pushing lit cigarettes through a ventilation grille. The report surmised that the cigarettes fell into a storage area below the passenger compartment where prison records were stored and transported on the day in question. The cigarettes ignited the records and caused a smoldering smoky fire according to the Fire Marshall. However, the Fire Marshall's report was not properly admitted into evidence. The report was specifically excluded by the judge in the Federal District Court. The stipulation and order

herein stated this case would be tried on the basis of the record in the Federal District Court. See order dated October 21, 1991.

5. We next address the State's motion to dismiss the claim of the estate of Ben Cantrell for failure to file a notice of intent to sue for personal injury within one year as required by section 22—1 of the Court of Claims Act. (705 ILCS 505/22—1.) (Mr. Cantrell died during the pendancy of this suit. A suggestion of death was filed and adopted by the Court.) Even if the federal court complaint were construed as notice, it is not timely as it was filed September 25, 1981, almost two years after the incident in question. While we find the State's failure to raise this defense until briefs were submitted extremely poor practice, we cannot waive the statutory requirement which has always been strictly construed by the Court. See *Slepcevich v. State* (1989), 41 Ill. Ct. Cl. 197, 199 and *Vela v. State* (1984), 36 Ill. Ct. Cl. 336, 337.

Based upon the foregoing we find:

1. The claim of the estate of Ben Cantrell is hereby dismissed for failure to comply with section 22—1 of the Court of Claims Act. The Federal District Court's order regarding the waiver of the statute of limitations was narrowly drafted and not a blanket waiver of procedural defenses. Additionally, Claimant Cantrell could have filed in a timely manner in the Court of Claims (as did the other Claimants) while the federal and state suits were pending. Claimant Cantrell's suit is hereby dismissed with prejudice.

2. Respondents may not rely upon the findings of the State Fire Marshall's report which is excluded from evidence by stipulation of the parties. Thus, Claimants had no duty to sue other inmates alleged to have caused the fire.

3. Claimants were not obliged to file suit in Circuit Court against individual employees of Respondent pursuant to the waiver of said actions by the State to induce Claimants to dismiss the pendant negligence claims in federal court.

4. The weight of the testimony/evidence herein indicates Claimants chose not to pursue suits against the manufacturer and modifier, respectively, of the bus. The evidence adduced at trial indicated that the fire was caused by an electrical short in the luggage compartment which ignited emergency flares. The smoke from the flares was sucked into the air conditioning system of the bus which was still running at the time and resulted in dense smoke permeating the bus. The evidence of record indicates that said electrical short was the probable result of a manufacturing or design defect and/or negligence and would result in foreseeable harm to passengers. Claimants' decisions to voluntarily dismiss their suits against said parties and rely upon the stipulated record was at their own risk as regards exhaustion of remedies in the Court of Claims. Claimants have not convinced the Court that their decisions to dismiss suits against alleged joint-tortfeasors was well founded based upon fact and law. It appears their decisions were based upon economic concerns which though understandable, are not a defense to exhaustion of remedies unless a party is clearly judgment proof. See *Boe v. State* (1984), 37 Ill. Ct. Cl. 72; *Soutilli v. State* (1989), 42 Ill. Ct. Cl. 192; and *Smith v. State* (1990), 42 Ill. Ct. Cl. 19.

Respondent's motion to dismiss for failure to exhaust remedies is hereby granted and these causes are dismissed with prejudice as to Claimants Hines and Osborne. We note that Mr. Osborne's claim in No. 81-CC-0548 is hereby consolidated as Osborne was named as a Claimant and represented by Mr. Thomson at oral arguments herein under No. 87-CC-3553.

Assuming, *arguendo*, that Respondent's motion were to be denied, the findings in *Duckworth v. Franzen* (1985), 780 F.2d 645 (7th Cir.) do not support a finding, based upon the preponderance of the evidence, that the negligence of Respondent proximately caused the injuries to Claimants nor that Respondent had actual or constructive notice of the hazardous condition claimed. The guards were exonerated of civil rights violations in the jury trial and negligence was not litigated. Additionally, we note the record is devoid of evidence regarding procedures used in other prison systems to protect inmates transported by bus or the testimony of experts regarding appropriate training of personnel, inmates and establishment of institutional procedures. Claimants herein have relied upon the emotional impact of the admittedly terrifying circumstances and result of the fire to impute liability. In summary, the District Court did not make findings of negligence against Respondent and Claimants have failed to prove their claims by submission of proofs or testimony herein.

Wherefore, these claims are dismissed with prejudice.

## ORDER

JANN, J.

These causes come on to be heard on Claimants' petitions for rehearing of the denials of their respective claims and Respondent's reply in opposition to the grant of rehearing. Both parties' representatives filed memoranda in support of their positions with citations and argument.

Claimants assert that the Court erred in both its assessment of the evidence and application of law herein. No new evidence or arguments were presented in Claimants' petition.

The Court has carefully reconsidered the evidence of record and applicable case law herein as presented most ably by both parties.

We hereby find:

1. Claimants' arguments were fully addressed in our original opinions denying the pertinent claims. Claimants have asserted the existence of negligent actions arising solely from the conduct of Illinois Department of Corrections personnel. As stated in our previous opinion, assuming, *arguendo*, that Claimants *had* exhausted remedies as required, they failed to prove that Respondents breached duties owed Claimants. No testimony of record supports the conclusions of fact and law argued by Claimants as to appropriate procedures, training of personnel and instruction of inmates as to safety procedures in similar circumstances.

We hereby deny Claimants' petitions for rehearing and affirm our orders of denial and dismissal of the claims herein with prejudice. Respondents' motions to deny rehearing are granted.